16 F.3d 1221
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Robert J. SISNEROS, Plaintiff-Appellant,
v.
DETROIT STRIP DIVISION, CYCLOPS CORPORATION, Defendant-Appellee.
 No. 92-2399.
 United States Court of Appeals, Sixth Circuit.
 Dec. 7, 1993.
 
 Before: GUY and RYAN, Circuit Judges; and WELLFORD, Senior Circuit Judge.
 RALPH B. GUY, Jr., Circuit Judge.
 
 
 1
 Plaintiff, Robert Sisneros, was awarded $439.555.31 by a jury in a wrongful discharge employment action. Defendant appealed, and in an unpublished per curiam opinion we affirmed the jury's finding as to liability but ordered a new trial on damages.[1] On remand, the parties waived a jury. After a bench trial, the trial judge awarded plaintiff $38,561.17 plus statutory interest and costs. Plaintiff appeals, arguing that the trial judge misinterpreted our opinion and order of remand. We agree and regretfully must remand again, admitting that our earlier opinion was not as clear as it might have been.
 
 
 2
 The facts are set forth in our earlier opinion and will not be repeated. The crux of our holding in the first appeal was that certain interrogatories submitted to the jury were misleading. We stated:
 
 
 3
 The form was a general verdict with special interrogatories. Question No. 5 of the jury verdict form read as follows:
 
 
 4
 5. Did the Defendant prove that Sisneros failed to mitigate his damages, or refuse an unconditional offer of reinstatement?
 
 Yes xe No
 
 5
 The jury answered this question in the affirmative and was directed, as a result, to answer Question No. 6. Question No. 6 on the jury verdict form read as follows:
 
 
 6
 6. State the dollar amount that the damages should be reduced if Defendant proved that Sisneros failed to mitigate?
 
 
 7
 $1,393,307.31
 
 
 8
 Sisneros v. Detroit Strip Div., No. 90-1931, slip op. at 3 (6th Cir., Oct. 9, 1991).
 
 
 9
 What we should have stated with greater clarity was that Question No. 5 was a compound question. Although the jury answered "yes," one could not tell whether it found Sisneros had failed to mitigate or refused an unconditional offer of reinstatement. The concepts, which were stated in the disjunctive, are different and could generate different results.
 
 
 10
 The problem was further aggravated by Question No. 6, which only gave the jury an option to indicate a damage reduction for "failure to mitigate" and not for refusal of an unconditional offer of reinstatement.[2] Although plaintiff argued the jury's calculations indicated it selected the "failure to mitigate" option, defendants argued with equal force that the "mitigation" it argued to the jury was the failure to accept an unconditional offer of reemployment.
 
 
 11
 On remand, the district judge, as finder of fact, must make the determination whether plaintiff refused an unconditional offer of reemployment or refused to mitigate damages apart from any such alleged refusal, or neither or both,[3] and compute damages accordingly.
 
 
 12
 REVERSED and REMANDED.
 
 WELLFORD, Senior Circuit Judge, dissenting:
 
 13
 Because I would affirm the result reached by the district judge in this case, I respectfully dissent. After our remand (No. 90-1931, October 9, 1991), the district court held a further hearing (a bench trial) with opportunity for the parties to present further proof on the issue of damages. The district court made a lump sum award of $38,561.17 to the plaintiff Sisneros. I believe that this damage award is appropriate under the circumstances and I would not send this case back for yet another damages determination.
 
 
 14
 Among other things, the district court concluded:
 
 
 15
 It is uncontroverted that Defendant offered to reinstate Plaintiff to the position of technical salesperson at a salary of $50,780.00 per year plus all benefits on April 30, 1990, just before the first trial.
 
 
 16
 ....
 
 
 17
 An employer's offer to restore a wrongfully discharged employee to the same or a like position for a period equal to the balance of the term of the unexpired employment, completely mitigates the employee's damages and relieves the employer of liability.
 
 
 18
 * * *
 
 
 19
 Plaintiff was rendered an unconditional offer of reinstatement. His attorney received a letter stating that the offer was made "under the same terms and conditions of employment which existed at the time he was terminated, including a salary of $50,780.00 per year."
 
 
 20
 * * *
 
 
 21
 Plaintiff cannot recover any pension benefits under the written terms of Defendant's pension plan.
 
 
 22
 * * *
 
 
 23
 Plaintiff testified that his benefits consisted of $3,132.00 in health care benefits and pension and profit sharing benefits worth $6,000. This was stipulated by Defendant's counsel.
 
 
 24
 * * *
 
 
 25
 [T]he 401-K plan was an additional calculation to the health care and pension benefits....
 
 
 26
 * * *
 
 
 27
 Plaintiff's damages must be offset by his interim earnings. He received severance pay from Defendant in the amount of $17,532.69. This payment would not have been made were it not for the termination.
 
 
 28
 * * *
 
 
 29
 Plaintiff is only entitled to the salary he would have received but for the discharge. In concurrence with Defendant, the Court agrees that severance pay must be deducted from Plaintiff's back pay award. He is not to [sic] entitled both severance pay, which is in lieu of the salary he would have received, and the salary itself.
 
 
 30
 * * *
 
 
 31
 The award must also be reduced by the amounts Plaintiff earned at his next employer....
 
 
 32
 * * *
 
 
 33
 Plaintiff obtained similar employment at Sure Plus Manufacturing after his discharge and before the unconditional offer. Therefore, as Michigan case law dictates, Plaintiff's recovery must also be reduced by the $19,911.74 earned elsewhere during that period.
 
 
 34
 * * *
 
 
 35
 Plaintiff is entitled to an award of costs.
 
 
 36
 * * *
 
 
 37
 Plaintiff is not entitled to an award of attorney fees. The district court also awarded interest from the date the complaint was filed on the calculated judgment of $38,561.17.
 
 
 38
 The only real question on the above conclusions is whether there was, indeed, an unconditional offer of reinstatement to Sisneros of an equivalent position at the previous comparable salary. As to each of the other conclusions, I find the district court to have committed no error of law or of fact.
 
 
 39
 At the previous jury trial, the jury found that Sisneros "failed to mitigate his damages, or refuse an unconditional offer of reinstatement." I believe that it is clear that refusal of an unconditional offer of reinstatement to an equivalent and comparable position is a clear failure to mitigate damages and prevents further back pay damages at the date of the unconditional offer.
 
 
 40
 On May 4, 1990, the defendant, through its counsel, made such an unconditional offer to the plaintiff's counsel, in writing:
 
 
 41
 [M]y client, the Detroit Strip Division of Cyclops Corporation, hereby makes an unconditional offer of reinstatement to your client, Robert Sisneros, under the same terms and conditions of employment which existed at the time he was terminated, including a salary of $50,780 per year.
 
 
 42
 The plaintiff's counsel, at oral argument and in his argument to the district court, stated that neither he nor Sisneros rejected the offer.[1]
 
 
 43
 Under the circumstances indicated, I would conclude that the district court had ample basis for deciding that the defendant made an unconditional equivalent offer of re-employment and that the salary figure was $50,780.00, plus benefits. In any event, this court should affirm the district court's conclusions on pension benefits, severance pay, mitigation amounts, costs, and attorney fees.
 
 
 
 [1]
 Sisneros v. Detroit Strip Div., No. 90-1031 (6th Cir. Oct. 9, 1991)
 
 
 [2]
 Perhaps the most unfortunate language in our earlier opinion is at page 6, where we stated: "Once the jury found that Sisneros, as evidenced by its answer to Question No. 5, had refused an unconditional offer of reinstatement, the verdict form failed to provide for a way in which to calculate damages, based on the date the plaintiff rejected the unconditional offer of reinstatement." The full paragraph in which this sentence is found, read in its entirety, was intended to discuss the situation that would exist if the jury found a refusal to accept an unconditional offer of reemployment. We do not know what the jury found, however, and we certainly did not intend to make a finding that the jury had found a refusal to accept an unconditional offer of reemployment
 
 
 [3]
 We decline to consider other arguments advanced by defendant for sustaining the judgment entered on remand since the court obviously proceeded, albeit understandably, under a misinterpretation of our earlier opinion
 
 
 [1]
 Sisneros testified on cross-examination that subject to threat of discharge, but before termination, he accepted the offer of the position of technical salesman at a base salary of $50,780.00, which was "not all of the monetary value from what was explained to me." Sisneros testified on re-direct that he had been making more than that as plant manager. The defendant's vice president, Johnson, testified that Sisneros was earning $50,780 at the time of discharge when he was no longer plant manager. The district court noted that "at the time of his discharge, Plaintiff earned $50.780."