16 F.3d 1221
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Nelson A. ACOSTA, Defendant-Appellant.
 No. 92-3969.
 United States Court of Appeals, Sixth Circuit.
 Dec. 29, 1993.
 
 Before: GUY and RYAN, Circuit Judges; and WELLFORD, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 The defendant, Nelson A. Acosta ("Acosta"), appeals a criminal conviction for drug dealing. He raises three issues: (1) whether he was denied his right to a speedy trial under 18 U.S.C. Sec. 3161; (2) whether the district court improperly denied his request to withdraw his no contest plea prior to sentencing; and (3) whether the district court sentenced him based upon insufficient evidence. Because the record demonstrates that the district court's rulings were within its discretion and consistent with existing law, we affirm on all issues.
 
 
 2
 On February 7, 1992, Acosta was arrested and charged with possession with the intent to distribute a controlled substance. On March 3, 1992, a grand jury returned an indictment against Acosta and two co-defendants. Each was charged with conspiracy in violation of 21 U.S.C. Sec. 846 and 21 U.S.C. Sec. 841(a)(1). On March 30, 1992, the government filed a superseding indictment naming an additional defendant. Acosta, however, was still charged with the same two counts as in the original indictment.
 
 
 3
 On April 3, 1992, Acosta and two of the co-defendants were arraigned. Acosta entered a plea of not guilty. On May 4, 1992, the third co-defendant was arraigned on the superseding indictment. On June 3, 1992, Acosta filed a motion to dismiss for failure to provide a speedy trial. Following the district court's overruling of the motion to dismiss, on June 8, 1992, the trial date, Acosta pleaded no contest and was found guilty of the superseding indictment charges.
 
 
 4
 Sentencing was scheduled for August 6, 1992. Prior to the sentencing hearing, Acosta filed a pro se motion to vacate his earlier plea and also requested a federal public defender to represent him. The district court overruled his motion to withdraw his plea and heard evidence regarding the amount of drugs. The district judge sentenced Acosta to 188 months, five years of supervised release and a $20,000 fine.
 
 I. SPEEDY TRIAL
 
 5
 Reviewing the record and relevant case law, we hold that Acosta waived his right on appeal to argue that he was denied a speedy trial. In Tollet v. Henderson, 411 U.S. 258, 266-267 (1973), the Supreme Court held that a defendant who enters a guilty plea waives all non-jurisdictional defects. In United States v. Freed, 688 F.2d 24, 25 (6th Cir.1982), this court held that: "Like a plea of guilty, a plea of nolo contendere constitutes a waiver of all so-called 'non-jurisdictional defects.' " Thus, if a claimed violation of the Speedy Trial Act is a "non-jurisdictional" defect, Acosta may not raise this issue on appeal. Other circuits have concluded that violations of the Speedy Trial Act are non-jurisdictional. See Nelson v. Hargett, 989 F.2d 847, 850 (5th Cir.1993); Cox v. Lockhart, 970 F.2d 448, 453 (8th Cir.1992); United States v. Gines, 964 F.2d 972, 977 (10th Cir.1992), cert. denied, --- U.S. ----, 113 S.Ct. 1023 (1993). After reviewing the reasoning of other circuits, we hold that a claimed violation of the Speedy Trial Act is a non-jurisdictional defect and that the right to raise a speedy trial violation is waived upon a plea of nolo contendere.
 
 
 6
 Even if we assume that Acosta did not waive his right to a speedy trial, his indictment and subsequent no contest plea came within the mandated time period. The Speedy Trial Act, 18 U.S.C. Sec. 3161(a)(1), provides:
 
 
 7
 In any case in which a plea of not guilty is entered, the trial ... shall commence within seventy days from the ... indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs.
 
 
 8
 Acosta contends that the seventy-day calculation began on March 3, 1992 (the date of the first indictment). We disagree. It is well settled that when multiple defendants are joined for trial, the time period referred to in the Speedy Trial Act begins when the last co-defendant is arraigned. See Henderson v. United States, 476 U.S. 321, 323 (1986); United States v. Culpepper, 898 F.2d 65 (6th Cir.1990), cert. denied, 498 U.S. 856 (1990). The seventy-day time period began on May 4, 1992, when the last co-defendant was arraigned. Acosta pleaded no contest on June 8, 1992, ending his trial. His plea came well within the seventy-day time period and accordingly Acosta was not denied a speedy trial in violation of 18 U.S.C. Sec. 3161(a)(1).
 
 II. WITHDRAWAL OF GUILTY PLEA
 
 9
 Rule 32(d) of the Federal Rules of Criminal Procedure provides that if a motion for withdrawal of a plea of guilty or nolo contendere is made before a sentence is imposed, the court may permit withdrawal of the plea for any "fair and just" reason. In reviewing a district court's decision to deny a plea withdrawal, an abuse of discretion standard is applied. United States v. Alexander, 948 F.2d 1002, 1003 (6th Cir.1991), cert. denied, --- U.S. ----, 112 S.Ct. 1231 (1992). The burden is on the defendant to demonstrate that withdrawal is justified. Id. at 1003.
 
 
 10
 Reviewing the record, Acosta is unable to meet his burden. This court has considered the following factors in deciding whether to grant a motion to withdraw a plea: (1) the delay in the filing of a motion to withdraw the plea; (2) the reason for any delay; (3) whether the defendant has maintained his innocence; (4) the circumstances underlying the plea and the background of the defendant; and (5) the potential prejudice to the government if the motion is granted. See United States v. Alexander, 948 F.2d 1002, 1004 (6th Cir.1991); United States v. Head, 927 F.2d 1361, 1375 (6th Cir.1991); United States v. Spencer, 836 F.2d 236, 239-240 (6th Cir.1987); United States v. Triplett, 828 F.2d 1195, 1197 (6th Cir.1987).
 
 
 11
 In reviewing the factors enunciated by this court, it is evident that the district court did not abuse its discretion in denying Acosta's motion. Rule 32(d) is intended to allow a hastily entered plea to be undone; it is not intended to allow a defendant to make a tactical decision to enter a plea, wait several weeks, and then obtain a withdrawal if he later decides that he made a poor choice in pleading no contest. In Goldberg, this court held that the district court did not abuse its discretion when the defendant waited fifty-five days to attempt to withdraw his plea. In Spencer, the defendant waited five weeks to withdraw his plea. After addressing the timing of the defendant's motion, along with the other factors, the Spencer court affirmed the district court's denial of the motion. Spencer, 836 F.2d at 236. In the instant case, the defendant waited to make his motion until the date of his scheduled sentencing hearing (fifty-six days after the plea was entered). Acosta simply waited too long. Acosta argues the timing of his motion should be excused because, with respect to the second and fourth factors, he was under a great deal of pressure from the government and that he entered his no contest plea on an alleged promise by the government he would receive a two-level reduction for acceptance of responsibility. He further contends that since the government, in his view, changed its position, he should be allowed to change his. The record indicates no formal agreement between Acosta and the government and Acosta's attempt to establish such an agreement at oral argument before this court was unpersuasive. Accordingly, in light of the factors set out by this court, the district court did not abuse its discretion in denying the motion to withdraw the guilty plea and is affirmed on this issue.
 
 III. SENTENCE
 
 12
 Acosta argues that the district court improperly determined his sentence based upon his connection and association with at least five kilograms of cocaine. He argues that the district court improperly relied on the testimony of Julio Gutierrez, a cooperating co-defendant. Reviewing the trial transcript, there is ample evidence to support the district court's findings. While the district court questioned Gutierrez's credibility as a witness, it found sufficient corroborating testimony from other witnesses to support a finding that the amount of cocaine involved was in excess of five kilograms. Therefore, the decision of the district court's decision to base Acosta's sentence on an amount in excess of five kilograms was not clearly erroneous and is also affirmed.
 
 
 13
 We, therefore, AFFIRM the district court's actions in all respects.