94 F.3d 644
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Nelson A. ACOSTA, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 95-3983.
 United States Court of Appeals, Sixth Circuit.
 Aug. 9, 1996.
 
 Before: KEITH, SILER, and BATCHELDER, Circuit Judges.
 
 ORDER
 
 1
 Nelson A. Acosta appeals pro se from a district court judgment that denied a motion to vacate his sentence pursuant to 28 U.S.C. § 2255. His appeal has been referred to a panel of this court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 2
 Acosta pleaded nolo contendere to conspiring to possess and possessing five or more kilograms of cocaine for intended distribution, in violation of 21 U.S.C. §§ 841(a)(1) and 846. In 1992, Acosta was sentenced to 188 months of imprisonment, five years of supervised release and a $20,000 fine. His conviction and sentence were affirmed on direct appeal.
 
 
 3
 In his motion, Acosta alleged: 1) that he was erroneously found to be a leader or organizer of the conspiracy; 2) that he was unable to pay his fine; 3) that his trial attorney was ineffective; and 4) that his counsel was ineffective on direct appeal. The district court dismissed the case on August 16, 1995, and it is from this judgment that Acosta now appeals.
 
 
 4
 We review the denial of a § 2255 motion de novo, although the district court's factual findings will be accepted as true unless they are clearly erroneous. Gall v. United States, 21 F.3d 107, 109 (6th Cir.1994). In order for Acosta to prevail, the record must reflect a fundamental defect in the proceedings that resulted in a complete miscarriage of justice or an egregious error that violated due process. See id.
 
 
 5
 Acosta must show cause and prejudice that would excuse the failure to raise his first two claims on direct appeal. See Ratliff v. United States, 999 F.2d 1023, 1025 (6th Cir.1993). Acosta maintains that he did not raise these claims before because his appellate counsel was ineffective. However, Acosta was not denied the effective assistance of counsel in this regard, and his failure to make a sufficient showing regarding cause independently precludes review of his first two claims. See Murray v. Carrier, 477 U.S. 478, 494-95 (1986). We note, nonetheless, that Acosta has not established the required prejudice.
 
 
 6
 Acosta first argues that his offense level was erroneously increased under USSG § 3B1.1(a), which allows such an increase if the defendant was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive. The district court's determination as to Acosta's role in the offense is reviewed for clear error. See United States v. Alexander, 59 F.3d 36, 38 (6th Cir.1995). The court found that Acosta had a leadership position in a criminal activity that involved at least seven other people: Jose Garcia, Julio Gutierrez, Ruben Acosta, Freddie Mena, Maria Garcia, a bar owner called Darrel, and an unnamed female in New York. Acosta concedes that it was realistic to find that Ruben Acosta and Jose Garcia were participants in the activity. However, he maintains that the court committed clear error by finding that at least two other individuals were involved.
 
 
 7
 Acosta argues that Gutierrez should not have been counted as a participant because he was a government informant. This argument lacks merit because Gutierrez pleaded guilty to count two of the original indictment and received a sentence of 33 months of imprisonment. Hence, Gutierrez was a participant within the meaning of USSG § 3B1.1, because he was criminally culpable for the offense. See USSG § 3B1.1, comment. (n. 1) (1992).
 
 
 8
 Gutierrez's testimony indicates that he and Acosta obtained one kilogram of cocaine from the unidentified female and that at least one kilogram of cocaine was purchased for Darrel. This testimony was generally corroborated by FBI Special Agent Dean Winslow, who also indicated that Acosta had used Maria Garcia as a courier and that Freddie Mena may have been involved in supplying cocaine to Acosta's organization. In light of this testimony, the district court did not commit clear error by finding that the government met its burden of showing that there were at least five participants in the drug operation. See United States v. Ghazaleh, 58 F.3d 240, 247 (6th Cir.1995), cert. denied, 116 S.Ct. 716 (1996).
 
 
 9
 Acosta also argues that he was not an organizer or leader of the criminal activity. This argument fails because Gutierrez testified that he had taken money from Acosta to Garcia and delivered cocaine to Acosta because it belonged to him, that Acosta's brother took instructions from Acosta on at least one occasion, and that some of the other participants had discussed "taking over, knocking Nelson down or whatever." Special Agent Winslow also testified that Acosta had used Gutierrez and Maria Garcia as couriers. Therefore, the district court did not commit clear error by finding that Nelson Acosta was a leader or organizer of the criminal activity. See United States v. Barrett, 890 F.2d 855, 867-68 (6th Cir.1989).
 
 
 10
 Acosta next argues that the court erred by finding that he was able to pay a $20,000 fine. This claim is simply not cognizable because the fine is not a sufficient restraint on Acosta's liberty to meet the custody requirement of 28 U.S.C. § 2255. See United States v. Watroba, 56 F.3d 28, 29 (6th Cir.), cert. denied, 116 S.Ct. 269 (1995).
 
 
 11
 Acosta also argues that his trial attorney was ineffective. To establish the ineffective assistance of counsel, Acosta must show that his attorney's performance was deficient and that he was prejudiced by counsel's alleged errors. See Strickland v. Washington, 466 U.S. 668, 687 (1984). Acosta first argues that counsel did not advise him that a no contest plea would affect his chances of receiving a reduction in his offense level for acceptance of responsibility. However, counsel's performance was not deficient because the prosecutor stated, at Acosta's rearraignment, that he had no objection to a reduction for acceptance of responsibility "based on the defendant's actions at this point." The failure to show that counsel's performance was deficient independently defeats Acosta's first Sixth Amendment claim. See id.
 
 
 12
 Nevertheless, we note that Acosta has not met his burden of establishing prejudice by showing that he would not have pleaded nolo contendere but for counsel's alleged error. See Hill v. Lockhart, 474 U.S. 52, 59-60 (1985). The trial court clearly stated that it was relying on the presentence investigation report when it refused to grant a reduction for acceptance of responsibility. That report did not rely on Acosta's plea in recommending that such a reduction would be inappropriate. Instead, it indicated that the reduction was not warranted because Acosta had maintained his innocence in a presentence interview with the probation officer.
 
 
 13
 Acosta argues that trial counsel failed to hold the government to its burden of proof with regard to the enhancement that he received for having a leadership role in the conspiracy. Counsel's performance was not deficient because he vigorously argued against such an enhancement at sentencing. Moreover, Acosta was not prejudiced by the alleged error because there was sufficient evidence to satisfy the government's burden on this issue.
 
 
 14
 Acosta next argues that trial counsel did not hold the government to its burden on the issue of his alleged inability to pay the fine. As indicated above, this claim is not cognizable in a § 2255 proceeding, because its resolution would not affect Acosta's custody. See United States v. Segler, 37 F.3d 1131, 1137 (5th Cir.1994). Acosta also failed to show that he was prejudiced because the court's finding that he could pay the fine was not clearly erroneous. See United States v. Hays, 899 F.2d 515, 518 (6th Cir.), cert. denied, 498 U.S. 958 (1990).
 
 
 15
 Acosta also argues that appellate counsel was ineffective because she did not raise his first and second claims on direct appeal. However, counsel's decision not to press these claims was not deficient because she raised other plausible arguments regarding Acosta's right to a speedy trial, the denial of a motion to withdraw his plea and the amount of cocaine that was attributable to him. See Jones v. Barnes, 463 U.S. 745, 751-54 (1983). Moreover, Acosta was not prejudiced by counsel's alleged error because his suggested claims are unavailing. See Bowen v. Foltz, 763 F.2d 191, 194 (6th Cir.1985).
 
 
 16
 Finally, we note that the district court did not abuse its discretion by not holding an evidentiary hearing on Acosta's motion, as Acosta did not allege specific facts that would have provided a basis for relief and the existing record was adequate to resolve his claims. See Baker v. United States, 781 F.2d 85, 92 (6th Cir.), cert. denied, 479 U.S. 1017 (1986).
 
 
 17
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.