**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Nelson A. ACOSTA, Defendant–
Appellant.**

No. 98–4092.

United States Court of Appeals,
Sixth Circuit.

May 4, 2001.

Before KENNEDY and DAUGHTREY, Circuit Judges; MCKEAGUE, District Judge.[*]

## *ORDER*

This pro se federal prisoner appeals a district court judgment dismissing his petition for a writ of error coram nobis filed pursuant to 28 U.S.C. § 1651. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In June 1992, Nelson A. Acosta pleaded nolo contendere to conspiring to possess and possessing five or more kilograms of cocaine for intended distribution in violation of 21 U.S.C. §§ 841(a)(1) and 846. The district court sentenced Acosta to 188 months of imprisonment, five years of supervised release, and fined him $20,000. Acosta is presently serving his sentence of imprisonment for that conviction. The court affirmed Acosta's judgment of conviction and sentence on appeal. *United States v. Acosta,* No. 92–3969, 1993 WL 539252 (6th Cir. Dec.29, 1993). In June 1995, Acosta filed a motion to vacate sentence pursuant to 28 U.S.C. § 2255. The district court denied the motion, and this court affirmed the district court's judgment. *Acosta v. United States,* No. 95–3983, 1996 WL 452857 (6th Cir. Aug.9, 1996).

[*] The Honorable David W. McKeague, United States District Judge for the Western District of Michigan, sitting by designation.

In March 1998, Acosta filed a petition for writ of error coram nobis in which he claimed that: 1) the district court did not advise him pursuant to Fed.R.Crim.P. 11(e)(1)(B) that he had the right to withdraw his nolo contendere plea if the court did not accept the plea agreement; and 2) the district court did not inform him that a term of supervised release would follow the term of incarceration.

The district court denied Acosta's petition because Acosta did not present any grounds cognizable under 28 U.S.C. § 1651. Acosta appeals that judgment. In his timely appeal, Acosta reasserts the claims that he set forth in the district court.

A district court's determination of legal issues in coram nobis proceedings is reviewed de novo. *Blanton v. United States*, 94 F.3d 227, 230 (6th Cir.1996). The district court's findings of fact, however, must be upheld unless clearly erroneous. *Id.*

Upon review, we conclude that the district court properly denied Acosta's petition for a writ of error coram nobis. Coram nobis is an extraordinary writ, used only to review errors of the most fundamental character—*e.g.*, errors rendering the proceedings themselves invalid. *Id.* To be entitled to relief, the petitioner must demonstrate: (1) an error of fact; (2) unknown at the time of trial; and (3) of a fundamentally unjust character which probably would have altered the outcome of the challenged proceeding if it had been known. *Id.* In addition, the writ of error coram nobis is available only when a § 2255 motion is unavailable—generally, when the petitioner has served his sentence completely and thus is no longer "in custody" as required for § 2255 relief. *United States v. Johnson*, 237 F.3d 751, 755 (6th Cir.2001).

In the case at bar, although § 2255 relief may be no longer available to him, Acosta remains a prisoner in federal custody serving the federal sentence under attack. A prisoner in custody is barred from seeking a writ of error coram nobis. *Id.; United States v. Brown*, 117 F.3d 471, 475 (11th Cir.1997) (holding that coram nobis relief is not available to a prisoner in custody); *United States v. Bush*, 888 F.2d 1145, 1147 (7th Cir.1989) (same); *United States v. Little*, 608 F.2d 296, 299 n. 5 (8th Cir.1979) ("Coram nobis lies only where the petitioner has completed his [or her] sentence and is no longer in federal custody, is serving a sentence for a subsequent state conviction, or has not begun serving the federal sentence under attack"); *United States v. Brown*, 413 F.2d 878, 879 (9th Cir.1969) (holding coram nobis relief unavailable to a prisoner in custody). Acosta's petition therefore fails.

Accordingly, the district court's judgment is affirmed pursuant to Rule 34(j)(2)(C), Rules of the Sixth Circuit.