107 F.3d 12
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Terry J. BENDER, Defendant-Appellant.
 No. 96-3429.
 United States Court of Appeals, Sixth Circuit.
 Feb. 10, 1997.
 
 N.D.Ohio, No. 93-00044; Paul R. Matia, Judge.
 
 N.D.Ohio
 
 1
 AFFIRMED.
 
 
 2
 Before: KENNEDY, NELSON, and GODBOLD,* Circuit Judges.
 
 ORDER
 
 3
 Terry J. Bender, a pro se federal prisoner, appeals a district court order denying his return of property motion filed under Fed.R.Crim.P. 41(e). This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 4
 Bender was named in a superseding indictment that included two counts of criminal forfeiture under 18 U.S.C. § 982 and 21 U.S.C. § 853. Pursuant to a Rule 11 plea agreement, Bender pleaded guilty to conspiracy to distribute cocaine, being a felon in possession of a firearm, and money laundering. The plea agreement stated, in pertinent part, that Bender consented to the filing of an order of forfeiture as to 24 named items of real and personal property. Bender also expressly waived his right to appeal or file any post-conviction writs of habeas corpus pertaining to his prosecution, including probable cause determinations. On August 10, 1993, the district court sentenced him to 360 months in prison and five years of supervised release. Final orders of forfeiture were filed on March 9, 1994, and May 31, 1994. Bender appealed the district court's denial of a motion to vacate his guilty plea and his sentence, but a panel of this court affirmed the conviction and sentence in an unpublished opinion. See United States v. Bender, No. 93-3896, 1994 WL 622158 (6th Cir. Nov. 7, 1994).
 
 
 5
 Bender subsequently filed a motion for the return of his property pursuant to Fed.R.Crim.P. 41(e), which provides for the return of property to "[a] person aggrieved by an unlawful search and seizure ... on the ground that such person is entitled to lawful possession of the property." In his motion, Bender asserted that his property was seized pursuant to search warrants that were facially defective due to the lack of a date or signature by a magistrate judge. He further claimed that his attorney was ineffective for advising him to consent to the forfeitures despite the defective warrants. Finally, he argued that he did not receive sufficient service of process in the forfeiture proceedings.
 
 
 6
 In a memorandum opinion and order filed on March 27, 1996, the district court denied Bender's motion for return of property. The district court found that the search warrants were properly signed and dated, that Bender had received ample notice of the forfeitures (and had, in fact, consented to them in his plea agreement), and that the ineffective assistance of counsel claim was "absolute nonsense." Bender's motion for reconsideration was denied on May 3, 1996.
 
 
 7
 On appeal, Bender argues that he is entitled to the return of his property because the seizure of his automobiles and real property exceeded the authorization of the search warrants and because the supporting affidavits failed to establish the required nexus between the criminal activity, the property to be seized, and the premises searched.
 
 
 8
 Upon review, we affirm the district court's order. Bender does not argue on appeal, as he did in the district court, that his property was seized pursuant to a facially defective warrant, that his attorney was ineffective for failing to challenge the seizure on that basis, or that he did not receive notice of the seizures and proposed forfeitures. Therefore, those issues--which are frivolous anyway--are not reviewable. See Boyd v. Ford Motor Co., 948 F.2d 283, 284 (6th Cir.1991), cert. denied, 503 U.S. 939 (1992).
 
 
 9
 Instead, Bender now attempts to argue that the officers exceeded the scope of the search warrants and that the supporting affidavits did not provide probable cause to support the searches and seizures. Issues not litigated in the district court are generally inappropriate for appellate consideration in the first instance. Friendly Farms v. Reliance Ins. Co., 79 F.3d 541, 544 (6th Cir.1996). Bender tries to avoid this rule by asserting his pro se status and arguing that his original motion should be interpreted as raising every possible issue under the Fourth Amendment. The liberal construction afforded a pro se defendant's pleading does not extend that far. The issues raised on appeal are entirely separate from those brought before the district court, require a factual analysis, and will not be considered by this court in the first instance.
 
 
 10
 Moreover, Bender's voluntary and knowing guilty plea specifically provided for the forfeiture of the property now claimed to have been seized illegally. Having entered a valid guilty plea, Bender has waived his right to challenge those seizures under the Fourth Amendment. See United States v. Freed, 688 F.2d 24, 25 (6th Cir.1982).
 
 
 11
 Accordingly, the district court's order, entered on March 28, 1996, is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable John C.Godbold, United States Circuit Judge for the Eleventh Circuit, sitting by designation