**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Terry J. BENDER, Defendant–**
**Appellant.**

No. 02–3391.

United States Court of Appeals,
Sixth Circuit.

Dec. 11, 2002.

Before BOGGS, SILER, and GIBBONS, Circuit Judges.

*ORDER*

Terry J. Bender, proceeding pro se, appeals a district court order that denied his Fed.R.Civ.P. 52 and 59(e) motion for findings of fact and conclusions of law concerning the denial of his prior Rule 60(b) motion and that also denied his motion to modify his sentence filed under 18 U.S.C. § 3582. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1993, Bender pleaded guilty to conspiring to possess and distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846 (count 1), being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) (count 3), and laundering money in violation of 18 U.S.C. § 1956(a)(1) (count 8). The district court denied Bender's motion to vacate his guilty plea, and it sentenced him to 360 months on count 1, 27 months on count 3, and 121 months on count 8, to run concurrently. A panel of this court affirmed Bender's convictions and sentence on appeal. *United States v. Bender*, No. 93–3896, 1994 WL 622158 (6th Cir. Nov. 7, 1994).

Subsequently, Bender filed two motions to vacate his sentence under 28 U.S.C. § 2255, and the district court denied the consolidated motions. This court denied Bender's application for a certificate of appealability. On October 2, 2000, Bender filed a motion for the district court to reconsider its order denying his § 2255 motions. On January 18, 2001, the court denied the motion for reconsideration. He then filed another motion for reconsideration, which the district court denied. Bender then filed a petition for a writ of mandamus in this court. This court denied the petition, and dismissed his motion for reconsideration.

Thereafter, Bender filed yet another motion in the district court seeking reconsideration of the court's January 18, 2001, order denying his § 2255 motions. The district court denied the motion. Bender also filed an application in the Sixth Circuit seeking permission to file a second or successive motion to vacate his sentence, which this court denied.

On February 26, 2001, Bender filed a motion to modify the terms of his imprisonment under 18 U.S.C. § 3582, essentially arguing that his sentence was improper because he had been subjected to double counting when his offense level was enhanced under USSG § 2D1.1. Subsequently, on November 1, 2001, Bender filed his motion requesting conclusions of law and findings of fact concerning the district court's denial of his last Rule 60(b) motion, or in the alternative, for a new trial. Upon review, the district court concluded that it was not required to submit findings of fact or conclusions of law. The court also concluded that Bender had not been subjected to any double punishment or to double counting during his sentencing. Hence, it denied the Rule 52 and 59(e) motion, and it denied the motion for modification of sentence. Bender has filed a timely appeal, essentially reasserting his claims.

■ Upon review, we conclude that the district court properly denied Bender's Rule 52 and 59(e) motion. Bender requested the court to enter findings of fact and conclusions of law concerning the denial of his last Rule 60(b) motion, which had been denied in a marginal entry. However, findings of fact and conclusions of law are unnecessary on decisions of any motion. *See* Fed.R.Civ.P. 52(a). Moreover, the court denied the latest Rule 60(b) motion after concluding that Bender had submitted nothing new that would entitle him to relief. The court's reasoning for denying Rule 60(b) relief could be found in its ruling on Bender's original Rule 60(b) motion. Hence, the court properly denied Bender's Rule 52 and 59(e) motion.

■ We also conclude that the district court properly denied Bender's motion to modify his sentence. *See United States v. Ursery*, 109 F.3d 1129, 1137 (6th Cir.1997). The district court properly enhanced Bender's offense level under § 2D1.1, which requires a two-level enhancement if a dangerous weapon was possessed during a drug offense. In his plea agreement, Bender stipulated that he possessed a fire-

arm. He also stipulated that a two-level enhancement under § 2D1.1 was applicable to his underlying drug offense. Although Bender argued that § 2K2.4 prohibits such an enhancement, § 2K2.4 only applies with respect to convictions for violating 18 U.S.C. §§ 844(h), 924(c), and 929(a). Bender was not charged with or convicted of violating any of these statutes. Thus, § 2K2.4 is not applicable in this case.

Furthermore, the district court did not engage in improper double counting. As stated above, Bender had possessed a weapon in conjunction with his § 841 drug offense. Because of his possession of the weapon, he was also convicted of being a felon in possession of a weapon in violation of § 922(g), an offense separate from his drug offense. The grouping of these two offenses for sentencing purposes eliminated the possibility of a double counting problem under the Sentencing Guidelines. *See United States v. Taylor*, 248 F.3d 506, 517 (6th Cir.), *cert. denied,* —— U.S. ——, 122 S.Ct. 414, 151 L.Ed.2d 315 (2001).

Accordingly, we affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.