NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 10a0229n.06

No. 07-3909

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

**Apr 13, 2010**

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| TERRY BENDER, | ) | |
| | ) | ON APPEAL FROM THE |
| Petitioner-Appellant, | ) | UNITED STATES DISTRICT |
| | ) | C O U R T   F O R   T H E |
| v. | ) | NORTHERN DISTRICT OF |
| | ) | OHIO |
| UNITED STATES OF AMERICA, | ) | |
| | ) | O P I N I O N |
| Respondent-Appellee. | ) | |

BEFORE:    COOK and McKEAGUE, Circuit Judges; and HOOD, District Judge.*

**McKEAGUE, Circuit Judge.**  Petitioner Terry Bender was sentenced to 360 months'

imprisonment in 1993 after pleading guilty to conspiring to possess and distribute cocaine, money

laundering, and being a felon in possession of a firearm.  His conviction and sentence were affirmed

on direct appeal and several post-judgment motions for relief have been denied by both the district

court and the Sixth Circuit.  Bender now appeals a one-page ruling by the district court denying "as

moot" (1) his 2002 motion for relief under Fed. R. Civ. P. 60(b), asserting the prosecution

perpetrated a fraud upon the court; and (2) his 2003 motion for leave to amend an earlier-denied

motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255.  For the reasons that

follow, we affirm.

_____

*Honorable Joseph M. Hood, United States District Judge for the Eastern District of Kentucky, sitting by designation.

**I**

On March 17, 1993, Terry Bender, along with eighteen others, was indicted by a federal grand jury. Bender was charged with various drug-related offenses. On June 11, 1993, pursuant to a plea agreement, Bender pleaded guilty to conspiring to possess and distribute cocaine, being a felon in possession of a firearm, and money laundering, in exchange for his full cooperation in the prosecution of his co-conspirators. Prior to sentencing, however, Bender moved to withdraw his guilty plea, contending it was coerced by the government. The district court conducted an evidentiary hearing on the motion on August 9, 1993, denied it, and proceeded to sentence Bender. It is this denial of the motion to withdraw his plea that is the focus of Bender's continuing demands for relief.

Following sentencing, Bender appealed, contending the district court abused its discretion by denying his motion. He contended the government coerced his guilty pleas by threatening to prosecute his mother. *See United States v. Bender*, 1994 WL 622158 at *2 (6th Cir. Nov. 7, 1994). The Sixth Circuit rejected the claim:

> Bender's claim that his guilty pleas were coerced because the government was prosecuting his mother is not supported in the record. Bender asked the government to drop its case against his mother. He, not the government, initiated the discussion. Moreover, there was never any *quid pro quo* on this issue; the government dropped its case against Bender's mother because of our decision in *United States v. McDougald*, 990 F.2d 259 (6th Cir. 1993), not in consideration of Bender's pleas.

*Id.* at *3.

Thereafter, Bender has unsuccessfully challenged his conviction and sentence on various grounds through motions to vacate, set aside or correct his sentence under 28 U.S.C. § 2255. In December 2002 and December 2003, Bender filed in the district court a motion for relief from judgment under Rule 60(b) and a motion to amend an earlier-denied § 2255 motion, respectively. On June 17, 2007, the district court summarily denied both motions as moot, without explanation. Bender timely appealed this ruling.

**II**

The motion for relief from judgment is based on "newly discovered evidence" purportedly substantiating Bender's claim that the government procured his guilty plea by coercion, and demonstrating that the government perpetrated a fraud upon the court when it previously denied such coercion. The "newly discovered evidence" consists of one sentence appearing in the government's brief in opposition to Bender's motion to withdraw his guilty plea, filed in the district court on August 10, 1993. The brief was filed the day after the district court denied Bender's motion to withdraw plea and proceeded to sentence Bender. That is, the brief was filed the same day the judgment of sentence was filed. Bender insists that the evidence is newly discovered because, although his trial attorney may have been served with a copy of the brief on August 10, 1993, he, Bender, did not personally become aware of it until 2002. Yet, irrespective of Bender's personal ignorance of the brief, the fact remains that it was filed and made part of the record contemporaneously with the district court's ruling and sentencing. Hence, the subject sentence hardly constitutes newly discovered evidence in any cognizable sense and hardly represents grounds

to re-open proceedings on a matter decided and affirmed more than 15 years ago.[1]  Moreover, as

explained below, even if we were to consider the sentence as newly discovered evidence, it would

be to no avail.

The subject sentence, included in a discussion of terms of the negotiated plea agreement,

simply states:

> In the process of pretrial negotiations in this case, the defendant requested and the government agreed to dismiss the charges against the defendant's mother, Bertha Williams.

Bender contends this statement, appearing in a brief authored by Assistant U.S. Attorney Sharon L.

Long, contradicts testimony given by AUSA Long in the evidentiary hearing the day before.

Long testified that Bender, through counsel, had made several requests during plea

negotiations, including a request that the indictment pending against his mother be dismissed.  Long

testified that some of these requests were granted and some were not.  She testified that a Sixth

Circuit ruling issued since the filing of the superseding indictment against Bender's mother (charging

her with money laundering) necessitated a re-evaluation of the charge against her.  Long further

testified that, in her plea negotiations with Bender, she never made the dismissal of the charge

against Bertha Williams "contingent" on Bender's agreement to plead guilty.

---

[1]Under Rule 60(c), a motion for relief from judgment "must be made within a reasonable time" and, when based on newly discovered evidence (that with reasonable diligence could not have been earlier discovered), must be filed no more than a year after entry of the judgment.  Bender contends this one-year limitation does not apply here because he is seeking to set aside the judgment for fraud on the court.  *See* Rule 60(d)(3).

Bender argued to the district court that the inconsistency between AUSA Long's two versions of the plea negotiations suggests the government perpetrated a fraud upon the court that undermines the denial of the motion to withdraw his guilty plea, The district court denied the motion.

In this appeal, Bender insists the district court erred by invoking mootness as the reason for denying the motion. Citing *Southwest Williamson County Cmty. Ass'n, Inc. v. Slater*, 243 F.3d 270 (6th Cir. 2001), Bender correctly contends "[t]he test for mootness is whether the relief sought would, if granted, make a difference to the legal interests of the parties." *Id.* at 276 (quoting *McPherson v. Michigan High Sch. Athletic Ass'n*, 119 F.3d 453, 458 (6th Cir. 1997)). Bender argues that if the motion were granted, his guilty plea could be vacated, resulting in an obvious change in the legal interests of the parties. It follows, he argues, that the motion is not moot. In response, the government acknowledges the correctness of the above standard for mootness, but maintains Bender's motions were properly denied. We agree.

We note initially that we may affirm the district court's decision on any grounds supported by the record even if different from the reasons relied on by the district court. *Dixon v. Clem*, 492 F.3d 665, 673 (6th Cir. 2007). Here, it is abundantly clear that denial of Bender's motion was dictated by the law of the case doctrine. Under the law of the case doctrine, "a decision on an issue made by a court at one stage of a case should be given effect in successive stages of the same litigation. *United States v. Todd*, 920 F.2d 399, 403 (6th Cir. 1990). Although the doctrine is not an inflexible limit on judicial power, a prior ruling will ordinarily be reconsidered only where: "(1) substantially different evidence is raised on subsequent trial; (2) where a subsequent contrary view of the law is decided by the controlling authority; or (3) where a decision is clearly erroneous and

would work a manifest injustice." *United States v. Haynes*, 468 F.3d 422, 426 (6th Cir. 2006)

(quoting *McKenzie v. BellSouth Telecommunications, Inc.*, 219 F.3d 508, 513 n. 3 (6th Cir. 2000)).

We have already twice visited this question whether Bender has presented evidence of

coercion sufficient to impugn the integrity of his 1993 guilty plea. In deciding Bender's direct appeal

in 1994, we considered and rejected the very same "coercion" argument on the same factual record.

We specifically rejected the argument that there was a *quid pro quo* relationship between Bender's

plea agreement and dismissal of the charge against his mother. Then, in 2008, we specifically

rejected Bender's claim that the very same "newly discovered evidence" that he now relies on in this

appeal demonstrated either fraud or coercion by the prosecution. In fact, we specifically ruled that

the asserted newly discovered evidence was *not* newly discovered evidence at all.

That is, even before he filed this appeal, on June 19, 2007, Bender moved the court in a

separate proceeding, *In re Terry J. Bender*, 6th Cir. No. 07-3797, for leave to file a successive § 2255

motion based on the very same "newly discovered evidence." Bender's motion was denied on June

16, 2008:

> He claims that he is innocent and is currently in prison "because [the Assistant
> United States Attorney] lied to the court whether Mr. Bender's plea was [sic]
> obtained under duress or coercion." In addition to being unsubstantiated by the
> record, Bender's claim does not constitute newly discovered evidence because the
> evidence has all been a part of the public record for more than fourteen years.

Thus, as we take up Bender's present appeal, challenging the district court's summary refusal to

grant relief based on Bender's "newly discovered evidence" of coercion and fraud, it is readily

apparent that we have already visited this issue at least twice and have twice ruled, in 1994 and 2008,

that Bender's claim that his plea was procured by improper coercion is unsubstantiated.

Bender attempts to avoid the established law of the case neither by relying on an intervening change in controlling law, nor by demonstrating that a manifest injustice would otherwise result. Rather, he relies again on evidence that has been part of the record since 1993 and has already been held not to be newly discovered evidence. Moreover, even if the cited sentence in the government's brief were accepted as "newly discovered evidence," it would hardly further Bender's cause. Contrary to his persistent arguments, AUSA Long's written statement simply does not contradict her testimony. That is, her written statement that Bender requested dismissal of the charge against his mother and the government agreed to dismiss the charge is not inconsistent with her testimony that Bender requested dismissal of the charge against his mother and the ensuing dismissal of the charge was not contingent on Bender's guilty plea. The statement does not evidence a fraud upon the court and does not bespeak improper coercion undermining the validity of his guilty plea. Nor has Bender demonstrated that any of the other appropriately considered factors would have militated in favor of allowing withdrawal of his guilty plea. *See United States v. Haygood*, 549 F.3d 1049, 1052-53 (6th Cir. 2008) (listing the factors to be considered and noting that plea withdrawals should generally not be allowed where a defendant second-guesses a tactical decision to enter a guilty plea).

In other words, again, the cited statement in the AUSA's brief is simply not the "smoking gun" Bender thinks it is. Inasmuch as the motion for relief from judgment denied by the district court is premised on the same theories of coercion and fraud that we have twice rejected, and Bender has failed to demonstrate that any departure from the established law of the case is warranted, we uphold the district court's denial of the motion.

**III**

The district court also denied as moot Bender's motion to amend his earlier-denied § 2255 motion to vacate, set aside or correct his sentence. The § 2255 motion Bender wanted to amend was a *pro se* motion filed on April 21, 1997. It asserted various grounds for relief, including a claim for ineffective assistance of counsel asserting twelve specified deficiencies. With assistance of counsel, Bender filed another § 2255 motion three days later, on April 24, 1997, which also asserted ineffective assistance claims duplicative of those asserted in the earlier motion. The district court consolidated the two motions and denied them by opinion and order dated May 19, 1999. Bender's requests for a certificate of appealability to challenge this ruling were denied. Bender recognizes that his motion to amend the April 21, 1997 motion under § 2255 motion, filed in December 2003, comes well after expiration of the one-year period of limitation prescribed at 28 U.S.C. § 2255(f). He contends it should nonetheless be deemed timely because the claims for relief he would add "relate back" to the claims asserted in the original § 2255 motion. Not so, says the government. The government contends the claims to be added, albeit also for ineffective assistance of counsel, are based on different alleged performance deficiencies than those asserted in the original § 2255 motion—claims that could have been and should have been raised in the original motion.

We review the district court's denial of the motion to amend for abuse of discretion. *Winget v. JP Morgan Chase Bank, N.A.*, 537 F.3d 565, 572 (6th Cir. 2008). Insofar as the denial is based on a conclusion of law, we review de novo. *Id.* The district court's denial based on mootness is not explained. Yet, again, while mootness represents questionable grounds for denial of the motion, it is clear that the denial of leave to amend was proper.

In relevant part, Rule 15 provides that an amendment relates back to the date of the original pleading when it "asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." Fed. R. Civ. P. 15(c)(1). Yet, irrespective of the factual relationship between the original and proposed claims for relief, the district court's May 1999 judgment denying the original claims on the merits would ordinarily cut-off any right to amend some four years later.

To be sure, leave to amend is to be "freely given when justice so requires." Fed. R. Civ. P. 15(a)(2). However, denial is appropriate where there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Morse v. McWhorter*, 290 F.3d 795, 800 (6th Cir. 2002) (quoting *Forman v. Davis*, 371 U.S. 178, 182 (1962)). Further, in the post-judgment context, we must be mindful to protect the finality of the judgment and scrutinize the movant's reasons for failing to earlier seek leave to amend. *Id.* Hence, "[f]ollowing entry of final judgment, a party may not seek to amend their complaint without first moving to alter, set aside or vacate judgment pursuant to either Rule 59 or Rule 60 of the Federal Rules of Civil Procedure." *Id.* at 799.

In fact, Bender did challenge the district court's denial of his original § 2255 motion under both Rule 60(b) and Rule 59(e). Both motions were denied and both denials were affirmed on appeal. *See United States v. Bender*, 52 F. App'x 756, 757 (6th Cir. 2002). Such motions having been denied, it is apparent that Bender cannot meet the prerequisites for leave to amend. Nor has he otherwise persuasively argued that the interests of justice require leave to amend be granted.

Bender's motion to amend offers no explanation for the four-year delay and no explanation why he could not have asserted the newly asserted performance deficiencies in the original § 2255 motion. Now, on appeal, Bender's challenge to the denial of leave to amend is confined to the correctness of the court's invocation of mootness as grounds for the denial.

Yet, irrespective of the label used—whether mootness, finality, law of the case, *res judicata*—it is abundantly clear that the result below, denial of leave to amend, is marked neither by any demonstrated legal error nor abuse of discretion. It must therefore be affirmed.

**IV**

Although the district court's reliance on mootness as grounds for the denials of the two motions is questionable, we nonetheless agree that both motions were properly denied. Bender has not set forth any persuasive reason why our prior rulings on his claims for relief stemming from his coercion and fraud-on-the-court theories should be reconsidered. Nor has he shown that the district court erred in any cognizable way by denying leave to amend. Accordingly, the district court's order denying Bender's motion for relief from judgment and denying his motion to amend his previously denied § 2255 motion is **AFFIRMED**.