**UNITED STATES of America,
Plaintiff–Appellee,**

**v.**

**Michael ALEXANDER, Defendant–
Appellant.**

**No. 91–3113.**

United States Court of Appeals,
Sixth Circuit.

Argued Sept. 30, 1991.

Decided Nov. 4, 1991.

---

Joseph P. Schmitz, Asst. U.S. Atty., Cleveland, Ohio (argued and briefed), for plaintiff-appellee.

Richard A. Damiani, Cleveland, Ohio (argued and briefed), for defendant-appellant.

Before KENNEDY and SUHRHEINRICH, Circuit Judges, and ENGEL, Senior Circuit Judge.

PER CURIAM.

Defendant-appellant Michael Alexander appeals from the District Court's denial of his motion to vacate his guilty plea and to reopen a previously conducted suppression hearing. For the reasons stated below, we AFFIRM the District Court's orders.

I.

On January 8, 1990, defendant Michael Alexander was indicted for possession of cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). On May 10 and 11, 1990, the court below conducted an evidentiary hearing to entertain Alexander's nineteen-page motion to suppress certain evidence. At the hearing, Alexander's team of attorneys presented evidence that included witness testimony. On June 21, 1990, the court entered its Memorandum and Order granting Alexander's motion in part, and denying it in part.

On July 19, 1990, Alexander entered a conditional guilty plea, reserving under Rule 11(a)(2), Fed.R.Crim.P., the right to appeal the partial denial of his motion to suppress. After granting Alexander several continuances, the court finally scheduled sentencing for December 11, 1990. Four days before sentence was to be imposed, Alexander filed a motion to vacate his plea of almost five months earlier, and to reopen the suppression hearing concluded seven months earlier. In a memorandum in support of the motion, Alexander stated only the names of two additional witnesses who, although available to have testified at the original hearing on the motion to suppress, were not called to do so. Alexander offered little indication as to the expected testimony of the prospective witnesses, its prospective relevance, or the presence of any mitigating factors justifying their sudden appearance at the last minute. He merely stated that they would "verify" Alexander's testimony. The District Court denied the motion and proceeded to sentence Alexander. This appeal of the denial of the motion followed.

II.

Under Fed.R.Crim.P. 32(d), a court "may permit withdrawal of [a] plea upon a showing by the defendant of any fair and just reason." Granting of a withdrawal is a matter left to the discretion of the District Court, and we will reverse only for an abuse of that discretion. *United States v. Stephens,* 906 F.2d 251, 252 (6th Cir.1990). The appellant has the burden of proving that the withdrawal would be justified. *Id.*

We strongly prefer that district courts state their reasons for decisions left to their discretion, such as this one, rather than simply making marginal entries as was done here. As we have noted often, "[i]n order to review a discretionary decision, some understanding of the trial court's reasons is necessary." *Morscott, Inc. v. Cleveland,* 936 F.2d 271, 272 (6th Cir.1991) (quoting *Israel v. Barberton,* 936 F.2d 573 (6th Cir.1991)). However, on the face of the record before us, it is clear that it was not an abuse of discretion to deny Alexander's motion to vacate the plea of guilty and reopen the suppression hearing.

Although the federal rules do not establish criteria for determining whether a defendant's proferred reasons for vacating his plea are "fair and just," the Notes of (the) Advisory Committee on Rules, *Federal Criminal Code and Rules* (West 1987), relative to the 1983 amendment to Rule 32(d), do provide guidelines for the standard set forth. *United States v. Spencer,*

836 F.2d 236, 238 (6th Cir.1987). These include the amount of time that elapsed between the plea and the motion to vacate, the presence (or absence) of a valid reason for the failure to present the grounds for withdrawal at an earlier point in the proceedings, and whether the movant has asserted his legal innocence. *Id.* at 238–39.

Applying this analysis to the present case, we conclude that it was not an abuse of discretion for the District Court not to credit Alexander with having offered "fair and just" reasons to vacate his plea. His motion to vacate was filed some five months after his plea was entered. Courts have noted that the aim of the rule is to allow a hastily entered plea made with unsure heart and confused mind to be undone, not to allow a defendant "to make a tactical decision to enter a plea, wait several weeks, and then obtain a withdrawal if he believes that he made a bad choice in pleading guilty." *United States v. Carr*, 740 F.2d 339, 345 (5th Cir.1984), *cert. denied*, 471 U.S. 1004, 105 S.Ct. 1865, 85 L.Ed.2d 159 (1985). For these reasons, courts have denied motions to vacate entered after any substantial time has passed after the entry of the plea. *See, e.g., Carr*, 740 F.2d 339 (22 days); *Spencer*, 836 F.2d 236 (five weeks). Alexander's delay of almost five months is certainly beyond the bounds of the time frame ordinarily considered appropriate for motions to vacate.

Alexander's complete failure to offer any reasons for neglecting to raise the grounds for vacating the plea at some earlier point in the proceedings reinforces this analysis. The witnesses he wishes to present at a reopened suppression hearing were available at the time of the first hearing. They were known to his team of attorneys at that point. Alexander has failed to articulate any reason for not calling them then, other than a tactical decision, nor has he advanced any particularized reason to call them now. In fact, he has not even indicated, by way of affidavits or otherwise, the anticipated nature of their testimony, beyond the reinforcement in some unspecified manner of his own testimony at the earlier hearing. This clearly does not constitute a fair and just reason for vacating a plea.

The remaining considerations utilized by other courts in determining whether a fair and just reason has been advanced similarly mitigate against Alexander. Courts have taken into account the absence of a defendant's vigorous and repeated protestations of innocence, *United States v. Saft*, 558 F.2d 1073 (2d Cir.1977), a defendant's lack of innocence or naivete with respect to the criminal justice system, *United States v. Usher*, 703 F.2d 956 (6th Cir.1983), and finally the potential prejudice to the government should the plea be withdrawn. The prejudice to the government need not be established or considered unless and until the defendant has established a fair and just reason for vacating his plea. This he has not done.

Since we affirm the denial of his motion to vacate, the motion to reopen the suppression hearing is moot. It should be noted, moreover, that the grounds for reopening the hearing are exactly those offered for vacating the plea, namely the mere identification of two witnesses who may testify, to unknown effect.

For the foregoing reasons, we AFFIRM the District Court in its denial of Alexander's motion to vacate his guilty plea and to reopen the suppression hearing. The judgment of the District Court is also AFFIRMED.