980 F.2d 731
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Leonard LEWIS, Defendant-Appellant.
 No. 92-1882.
 United States Court of Appeals, Sixth Circuit.
 Dec. 9, 1992.
 
 Before DAVID A. NELSON and BOGGS, Circuit Judges, and ROSENN, Senior Circuit Judge.*
 PER CURIAM.
 
 
 1
 This is an appeal from a conviction on a plea of nolo contendere to a charge of mail fraud. The defendant contends on appeal that the district court abused its discretion when it denied a request for withdrawal of the plea. Finding no abuse of discretion, we shall affirm the conviction.
 
 
 2
 * The defendant, Leonard Lewis, was indicted by a federal grand jury on May 22, 1991. The indictment charged Mr. Lewis with having devised a scheme to defraud the K-Mart Corporation by falsely claiming that he had fallen and injured himself in the parking lot of a K-Mart store in Saginaw, Michigan. Mr. Lewis appeared at an arraignment on June 3, 1991, and entered a plea of not guilty. He was represented by retained counsel.
 
 
 3
 On August 14, 1991, Mr. Lewis was allowed to enter a plea of nolo contendere. The district judge conducted a thorough plea hearing in the course of which Mr. Lewis stated that he understood the factual basis of the charges against him; that he did not disagree with any of those facts; that he was satisfied with his attorney's advice; that it was his own decision to plead nolo contendere; that he understood the rights he was waiving; that he had no agreement with the government; and that no promise of a particular sentence had been made to him. Mr. Lewis' plea was accepted only after the court was satisfied that there was a factual basis for the plea and that all of the requirements of Rule 11, Fed.R.Crim.P., had been met.
 
 
 4
 An initial draft of Mr. Lewis' presentence report was prepared on September 16, 1991. Mr. Lewis made several objections to the report, and in this connection he signed a document on October 11, 1991, in which he stated the "defendant has not denied the essential factual elements of guilt and in fact accepted at the time that he entered his plea of Nolo Contendere the essential elements of the indictment brought against him." The court issued tentative findings on December 17, 1991, advising Mr. Lewis that the tentative guideline sentencing range was imprisonment for 10-16 months.
 
 
 5
 On January 28, 1992, a week before the scheduled sentencing and 160 days after the entry of his plea, Mr. Lewis moved to withdraw the plea. At a hearing on this motion, Mr. Lewis' original lawyer (who had since been replaced by another lawyer) testified that soon after the plea was entered, Mr. Lewis remarked that the plea was a mistake and he wished he had not made it. The lawyer went on to say this:
 
 
 6
 "I didn't feel [Mr. Lewis] expressed in a very strong way, the actual desire to withdraw the plea until [November]. I felt that it was something that he was still thinking about or still vacillating about, still agonizing about. And when I felt he had reached that point where he was actually desirous of withdrawing the plea, that's when we began to talk about the possibility of doing that. But the regret that he had entered the plea was immediate."
 
 
 7
 Kenneth Bayne, who did landscaping work for Mr. Lewis, also testified at the hearing. Mr. Bayne, a competitor of Britt Heinz, an anticipated government witness, testified that in March or April of 1991 Mr. Heinz told him that he had "lied in a deposition" related to Mr. Lewis. Mr. Lewis did not learn of Mr. Bayne's allegation until late in December of 1991.
 
 
 8
 The only other witness to testify at the hearing was Mr. Lewis himself. He told the court that after he entered his plea of nolo contendere his lawyer told him that "nothing" could be done to change the plea. Mr. Lewis stated that he had always maintained his innocence and had entered the nolo contendere plea for family and business reasons.
 
 
 9
 In the course of the hearing, the government indicated that Mr. Heinz would not have been its only witness. Mr. Lewis' sister-in-law would have been called to testify that the slip-and-fall was a "concocted scheme," the court was advised, and Mr. Lewis' doctor would have been called to testify that Mr. Lewis said that he hurt himself playing racquetball.
 
 
 10
 While observing that Mr. Lewis' attempt to withdraw the plea came very late, the district court gave the defense two weeks within which to rebut the showing as to the other two witnesses. No such rebuttal was offered. At the end of the two-week period the court denied the motion to withdraw the plea and sentenced Mr. Lewis to imprisonment for five months. The court also imposed a fine, ordered restitution, and directed that Mr. Lewis be placed on supervised release for a period of twenty-four months, the first five months of which were to be served in a half-way house.
 
 II
 
 11
 Rule 32(d), Fed.R.Crim.P., provides that a court "may permit withdrawal of [a] plea upon a showing by the defendant of any fair and just reason." The decision whether to allow withdrawal is discretionary, and this court will reverse such a decision only for an abuse of discretion. See United States v. Alexander, 948 F.2d 1002, 1003 (6th Cir.1991), cert. denied, 112 S.Ct. 1231 (1992).
 
 
 12
 Among the factors a district court may consider in evaluating a request for withdrawal of a plea are the length of time between the entry of the plea and the filing of the motion to withdraw it; the reasons why the request for withdrawal was not presented earlier; whether the defendant has asserted and maintained his innocence; the circumstances underlying the entry of the plea; and any prejudice that might result from withdrawal of the plea. See United States v. Spencer, 836 F.2d 236, 238-40 (6th Cir.1987).
 
 
 13
 In the case at bar, Mr. Lewis waited 160 days to make his motion to withdraw. In Alexander, which involved a period of 141 days, this court said that 141 days was "certainly beyond the bounds of the time frame ordinarily considered appropriate for motions to vacate." Alexander, 948 F.2d at 1004.
 
 
 14
 Mr. Lewis asserts that he did not ask to withdraw the plea earlier because his lawyer told him that nothing could be done to have the plea withdrawn. The lawyer himself, however, testified that he was familiar with the procedure to withdraw a plea and "didn't feel [Mr. Lewis] expressed in a very strong way, the actual desire to withdraw the plea until [November]."
 
 
 15
 Although Mr. Lewis now says that he has always maintained his claim of innocence, the fact is that as late as October 11, 1991, he stated in writing that he accepted the essential factual elements of the indictment.
 
 
 16
 It is true that Mr. Bayne's testimony, discrediting the testimony of government witness Heinz, might well have been helpful to Mr. Lewis at trial. The district court was in a better position than we are, however, to assess the probable impact of Mr. Bayne's testimony. The district court was also in a better position to weigh the likelihood that it was the tentative findings of December 17--which told Mr. Lewis he was not likely to receive the light sentence he had been hoping for--that prompted Mr. Lewis to proffer Mr. Bayne as a witness. It is not without significance, in this connection, that although he was given two weeks within which to try to discredit the anticipated testimony of his sister-in-law and his doctor, Mr. Lewis presented nothing whatever to suggest that their testimony would not have been incriminating.
 
 
 17
 The decision on allowing withdrawal of the plea was one that could have gone either way. We might not have made the same call, but we are satisfied that the district court did not abuse its discretion in making the call it did.
 
 
 18
 AFFIRMED.
 
 
 
 *
 The Honorable Max Rosenn, Senior Circuit Judge, United States Court of Appeals for the Third Circuit, sitting by designation