41 F.3d 1508
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
David W. FREEMAN, Defendant-Appellant.
 No. 94-3206.
 United States Court of Appeals, Sixth Circuit.
 Nov. 18, 1994.
 
 1
 Before: MARTIN and BOGGS, Circuit Judges, and BELL, District Judge.*
 
 ORDER
 
 2
 David W. Freeman appeals his conviction of conspiracy to possess and distribute over 100 kilograms of marijuana, in violation of 21 U.S.C. Sec. 846. The parties have expressly waived oral argument, and the panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 3
 Freeman pleaded guilty to this charge on October 29, 1993. On December 15, 1993, he drafted a letter to the trial judge, which indicated that he wanted to withdraw his plea because he thought that he might have a viable entrapment defense. However, Freeman did not deliver this letter to the district court until February 17, 1994, the day before he was scheduled to be sentenced. The court treated the letter as a motion to withdraw Freeman's guilty plea and allowed counsel to argue the motion at sentencing. On February 18, 1994, the motion was denied orally, and Freeman was sentenced to 78 months of imprisonment and 4 years of supervised release. On February 22, 1994, the district court issued a written order stating its reasons for denying the motion. Freeman now appeals.
 
 
 4
 At Freeman's re-arraignment, an FBI special agent testified that a potential witness had cooperated in the investigation of Freeman's case from December of 1992 through May of 1993. Freeman's pre-sentence investigation report subsequently indicated that this individual had been working with the FBI in early 1992. In his motion, Freeman argued that this new information made an entrapment defense more plausible because it indicated that a confidential informant had been working with the FBI when the conspiracy began.
 
 
 5
 Freeman now argues only that the district court erred when it denied his motion to withdraw his guilty plea because of this new information. This decision is reviewed for an abuse of discretion on appeal. United States v. Alexander, 948 F.2d 1002, 1003 (6th Cir.1991) (per curiam), cert. denied, 112 S.Ct. 1231 (1992). Before sentencing, the district court may grant a motion to withdraw a guilty plea for "any fair and just reason." Fed.R.Crim.P. 32(d). However, the defendant bears the burden of demonstrating that withdrawal is justified. Id. The courts have considered several factors when they are confronted with a motion to withdraw, including: (1) the length of time between the defendant's plea and the motion; (2) the defendant's reasons for not presenting the grounds for his motion at an earlier time; (3) whether the defendant has consistently maintained his innocence; (4) the circumstances underlying the plea, including the defendant's background and whether he has admitted his guilt; and (5) whether the government would be prejudiced by the withdrawal. United States v. Spencer, 836 F.2d 236, 238-40 (6th Cir.1987). The district court considered each of these factors in denying Freeman's motion.
 
 
 6
 Almost four months had elapsed between the entry of the guilty plea and Freeman's motion to withdraw. Moreover, Freeman had known the factual basis of his motion for at least two months before it was filed. Under these circumstances, the district court did not abuse its discretion by finding that the motion was untimely. See United States v. Bashara, 27 F.3d 1174, 1181 (6th Cir.1994); Spencer, 836 F.2d at 239.
 
 
 7
 The court found that Freeman was aware of the grounds for his motion by December 15, 1994, and that he did not explain why the motion was not filed until the eve of sentencing. Freeman now argues that he advised the court that he delayed filing the motion in hopes of learning more about when the informant began working for the government. However, Freeman eventually moved to withdraw his plea without obtaining this information. In addition, the assertion of a potential defense does not require a court to allow the withdrawal of a valid guilty plea. See, e.g., United States v. Caban, 962 F.2d 646, 649 (7th Cir.1992); United States v. Giuliano, 348 F.2d 217, 222-23 (2d Cir.), cert. denied, 382 U.S. 939, 946 (1965).
 
 
 8
 The district court also noted that Freeman had acknowledged his guilt when he changed his plea. Freeman now argues that he was not aware that he had a plausible defense when his guilty plea was entered. Nevertheless, there is no indication that Freeman ever maintained his innocence before his motion was filed. See Bashara, 27 F.3d at 1181; Alexander, 948 F.2d at 1004.
 
 
 9
 The court found that Freeman had ample time to review his case with counsel, that he had a criminal record including a prior drug offense, that he was familiar with the criminal justice system and that he appeared to be intelligent and articulate. Freeman does not contest these findings, and they indicate that his guilty plea was valid. See Bashara, 27 F.3d at 1181; United States v. Stephens, 906 F.2d 251, 253-54 (6th Cir.1990).
 
 
 10
 Finally, the court noted that the government would be prejudiced if the motion to withdraw were granted because the location of several of its witnesses had changed. Freeman argues that the government should know the whereabouts of the disputed witnesses. However, this factor need not be considered because Freeman has not carried his burden of demonstrating a fair and just reason for withdrawing his plea. See Alexander, 948 F.2d at 1004; Spencer, 836 F.2d at 240. Moreover, the government would potentially be prejudiced by the delay.
 
 
 11
 Accordingly, the district court's judgment is affirmed.
 
 
 
 *
 The Honorable Robert Holmes Bell, United States District Judge for the Western District of Michigan, sitting by designation