86 F.3d 1156
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Sherman Thomas GRIFFING, also known as Thomas Sherman
Griffing, Defendant-Appellant.
 No. 95-1438.
 United States Court of Appeals, Sixth Circuit.
 May 23, 1996.
 
 1
 Before: DAUGHTREY and MOORE, Circuit Judges; FORESTER, District Judge.*
 
 ORDER
 
 2
 Sherman Thomas Griffing appeals his judgment of conviction and sentence entered on his plea of guilty to manufacturing marijuana and possessing with intent to distribute marijuana in violation of 21 U.S.C. § 841(a)(1). The district court sentenced Griffing to 78 months of imprisonment, four years of supervised release, and imposed a $3,500 fine. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 In his timely appeal, Griffing's counsel has filed a motion to withdraw his representation and a brief in compliance with Anders v. California, 386 U.S. 738 (1967). Counsel has submitted the following issues for review: 1) whether Griffing entered his guilty plea knowingly and voluntarily, and whether the district court properly denied his motion to withdraw his guilty plea; 2) whether the district court properly denied Griffing's motion to suppress certain evidence; 3) whether his indictment sufficiently informed him of the charges against him; and 4) whether the district court improperly sentenced him. In response, Griffing states that he has (unspecified) substantial issues for review, but agrees that counsel should be permitted to withdraw from the case. Griffing also requests the appointment of counsel. Thereafter, counsel filed a letter reflecting that recent amendments to the sentencing guidelines did not require any modifications to his Anders brief.
 
 
 4
 Initially, we conclude that Griffing has waived his right to challenge the district court's denial of his motion to suppress. Griffing did not enter into a conditional guilty plea pursuant to Fed.R.Crim.P. 11(a)(2). Therefore, his guilty plea waives any challenge to his conviction based on the denial of his motion to suppress. See Tollett v. Henderson, 411 U.S. 258, 261-67 (1973).
 
 
 5
 Griffing knowingly and voluntarily pleaded guilty. See North Carolina v. Alford, 400 U.S. 25, 31 (1970); Brady v. United States, 397 U.S. 742, 749 (1970). At Griffing's plea hearing, the district court reviewed the counts of the indictment to which Griffing pleaded guilty. The district court also carefully reviewed with Griffing the rights he was waiving and the maximum and minimum penalties he faced. Griffing testified that no one had threatened or coerced him to plead guilty. Finally, Griffing described the acts he committed in violation of the law and acknowledged his guilt to the crimes.
 
 
 6
 The district court also properly denied Griffing's motion to withdraw his guilty plea. See United States v. Stephens, 906 F.2d 251, 252 (6th Cir.1990). Griffing did not meet his burden of showing "any fair and just reason" that the district court should have permitted him to withdraw his guilty plea. See Fed.R.Crim.P. 32(e). First, Griffing did not consistently maintain his innocence, as he acknowledged his guilt to the crime charged during his plea hearing. In addition, the circumstances surrounding Griffing's plea indicate that he knowingly and voluntarily pleaded guilty. Finally, because Griffing has not met his burden of establishing a fair and just reason for withdrawing his plea, prejudice to the government need not be established. See United States v. Alexander, 948 F.2d 1002, 1003-04 (6th Cir.1991) (per curiam), cert. denied, 502 U.S. 1117 (1992). These factors establish that the district court did not abuse its discretion when it denied Griffing's motion to withdraw his guilty plea. See Alexander, 948 F.2d at 1004; United States v. Goldberg, 862 F.2d 101, 103-04 (6th Cir.1988).
 
 
 7
 The indictment and superseding indictment provided Griffing with sufficient notice of the charges against him. The documents set out all the elements of the charged offenses and provided Griffing with notice of the charges he faced. They were sufficiently specific to enable him to plead double jeopardy in a subsequent proceeding, if he were to be charged with the same crime based on the same facts. See Russell v. United States, 369 U.S. 749, 763-64 (1962); United States v. Martinez, 981 F.2d 867, 872 (6th Cir.1992), cert. denied, 113 S.Ct. 1874 (1993). Griffing does not dispute that the indictment and superseding indictment informed him of the elements of the charges against him or that they were specific enough to enable him to raise any double jeopardy violation in the future. Thus, they conform to minimal constitutional standards. See United States v. Webb, 747 F.2d 278, 284 (5th Cir.1984), cert. denied, 469 U.S. 1226 (1985).
 
 
 8
 The district court properly determined the amount of drugs charged to Griffing. See United States v. Oleson, 44 F.3d 381, 385 (6th Cir.1995). The government met its burden of showing that Griffing was responsible for over 500 kilograms of marijuana. Id. At his plea hearing, Griffing acknowledged that he participated in a marijuana growing operation at two locations. Griffing testified that he knew that marijuana was being grown on his property, and that the property was under his custody or control. The presentence investigation report indicated that the police had seized 506 live plants and 163 grams of dried processed marijuana from Griffing's property. Griffing argued that he was unaware of the amount of marijuana being grown. Griffing also testified, however, that he had a hard time assuming responsibility for the amount of marijuana found on his property until someone explained that his "knowledge" established cooperation. Griffing cannot escape liability simply because he thought that the operation involved far fewer marijuana plants. See Calero-Toledo v. Pearson Yacht Leasing Co., 416 U.S. 663, 690 (1974); United States v. One 1975 Mercedes 280S, Vehicle Identification No. 110922-12-017823, 1975 Mich. License No. VFF-254, 590 F.2d 196, 198-99 (6th Cir.1978). In addition, he testified that he had received a financial benefit for permitting a third party to grow marijuana on his property. Significantly, according to a footnote of the drug quantity table, in cases involving marijuana plants, if the offense involved 50 or more marijuana plants, the court should treat each plant as equivalent to 1 kilogram of marijuana. See USSG § 2D1.1(c). Thus, the aggregate amount of marijuana found on Griffing's property adds up to a total weight of 506.163 kilograms.
 
 
 9
 Additionally, we have carefully reviewed the record in this case, including the transcripts of Griffing's plea and sentencing, and conclude that no reversible error is apparent from the record. Moreover, we have reviewed the recent amendments to USSG § 2D1.1, issued November 1, 1995, and which were made retroactive pursuant to § 1B1.10(c), and we agree with counsel that Griffing's sentence was not affected by these amendments.
 
 
 10
 Accordingly, we grant counsel's motion to withdraw, deny the appointment of counsel and affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Karl S. Forester, United States District Judge for the Eastern District of Kentucky, sitting by designation