**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Noel WILLIAMS, Defendant–Appellant.**

**No. 01–4050.**

United States Court of Appeals,
Sixth Circuit.

June 18, 2002.

---

* The Honorable Glen M. Williams, United States District Judge for the Western District of Virginia, sitting by designation.

Before SILER and MOORE, Circuit Judges; STAFFORD, District Judge.*

Noel Williams, a federal prisoner, appeals his conviction and sentence for reentering the United States after deportation as an aggravated felon, in violation of 8 U.S.C. § 1326(a), and for possessing a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g)(1). This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In a superseding indictment filed June 28, 2001, a grand jury charged Williams with nine counts of immigration and weapons violations. Williams pleaded guilty, pursuant to a written plea agreement, to the two counts mentioned above in exchange for the dismissal of the other seven counts. A probation officer prepared a presentence investigation report (PSR) and calculated the Guidelines range of imprisonment as 57 to 71 months. Williams filed a pro se motion to withdraw his plea, arguing that the PSR contained factual inconsistencies. The district court denied the motion as meritless and sentenced Williams within the range to 66 months in prison. The district court subsequently granted a Fed.R.Crim.P. 35 motion for a downward departure by the government and reduced Williams's term of imprisonment to 48 months.

Williams's court-appointed counsel has filed an appellate brief with this court and also a motion to withdraw pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). After a review of the entire record, counsel was of the opinion that there were no meritorious grounds for appeal, but nonetheless raised the issues of whether Williams's plea was knowing and voluntary, whether he was properly sentenced, and whether the district court properly denied the motion to withdraw the plea. Williams was advised of his right to file a response, but no response has been received by this court.

Upon review, we conclude that counsel's motion to withdraw should be granted as counsel has filed an acceptable *Anders* brief.

Williams's plea was knowing and voluntary. A guilty plea is valid if it is entered knowingly and voluntarily as determined under the totality of the circumstances. *Brady v. United States*, 397 U.S. 742, 749, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970); *Boykin v. Alabama*, 395 U.S. 238, 242–44, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). An examination of the plea hearing transcript establishes that this standard is met in Williams's case. Having entered a valid plea, Williams has waived any antecedent non-jurisdictional defects in his conviction. *See Tollett v. Henderson*, 411 U.S. 258, 261–67, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973).

Williams was properly sentenced. A defendant may only appeal his sentence on the grounds that: 1) it was imposed in violation of law; 2) it was imposed as a

---

* The Honorable William H. Stafford, Jr., United States District Judge for the Northern District of Florida, sitting by designation.

result of an incorrect application of the Sentencing Guidelines; 3) it represented an upward departure from the applicable guideline range; or 4) it is a plainly unreasonable sentence imposed for an offense for which there is no sentencing guideline. *See* 18 U.S.C. § 3742(a); *United States v. Lively*, 20 F.3d 193, 196–97 (6th Cir.1994). Williams's sentence falls within none of these categories.

The district court properly denied Williams's motion to withdraw his plea. In his motion, Williams argued that the PSR simultaneously put him in Ohio buying guns and in New York wiring money on March 19, 2001, and that there were "more contradictions to the indictment w[h]ich can be brought up at the time of [the] hearing."

Under Rule 32(e) of the Federal Rules of Criminal Procedure, a district court may permit a guilty plea to be withdrawn if the defendant shows "any fair and just reason." Fed.R.Crim.P. 32(e). The purpose of the rule is to "allow a hastily entered plea made with unsure heart and confused mind to be undone, not to allow a defendant 'to make a tactical decision to enter a plea, wait several weeks, and then obtain a withdrawal if he believes that he made a bad choice in pleading guilty.'" *United States v. Alexander*, 948 F.2d 1002, 1004 (6th Cir.1991) (quoting *United States v. Carr*, 740 F.2d 339, 345 (5th Cir.1984)); *see also United States v. Bashara*, 27 F.3d 1174, 1181 (6th Cir.1994) (listing seven factors to consider in evaluating a motion to withdraw a guilty plea).

Williams misread the PSR and thus failed to present a fair and just reason. The PSR did not place him in Ohio on March 19, but on March 21, 2001. Williams did not point out other purported inconsistencies at his sentencing hearing and no obvious contradictions are apparent.

We have reviewed the record and conclude that no other colorable issues exist.

Accordingly, counsel's motion to withdraw is granted, and the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.