**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**TaDaryl D. HAWKINS, Defendant–
Appellant.**

No. 02–5270.

United States Court of Appeals,
Sixth Circuit.

July 29, 2003.

302

Before BATCHELDER and CLAY, Circuit Judges; and SCHWARZER, Senior District Judge.*

CLAY, Circuit Judge.

Defendant TaDaryl D. Hawkins appeals from his judgment of conviction and sentence, which was entered by the United States District Court for the Eastern District of Tennessee on February 15, 2002. Specifically, Defendant was convicted, after a plea of guilty, of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), and he was sentenced to 120 months imprisonment. Defendant argues on appeal that the district court abused its discretion in refusing to allow Defendant to withdraw his guilty plea.[1] For the reasons that follow, we **AFFIRM** the judgment of the district court.

**I**

On May 15, 2001, Defendant was charged with one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). Defendant initially pleaded not guilty to the charge. However, on September 25, 2001, Defendant entered a conditional guilty plea pursuant to Federal Rule of Criminal Procedure 11(a)(2).[2] An accompanying factual stipu-

---

\* The Honorable William W Schwarzer, Senior United States District Judge of the Northern District of California, sitting by designation.

1. In his brief, Defendant had advanced an additional argument: that 18 U.S.C. § 922(g)(1) is based on an unconstitutional application of the Commerce Clause of the Constitution, pursuant to *United States v. Lopez*, 514 U.S. 549, 115 S.Ct. 1624, 131 L.Ed.2d 626 (1995) and its progeny. *See* U.S. CONST. art. 1, § 8, cls. 1, 3 (The congress shall have the power to ... regulate commerce with foreign nations, and among the several states...."). Specifically, Defendant had argued, § 922(g)(1) fails to require a felon's possession of firearms to substantially affect

interstate commerce and thus cannot survive *Lopez* scrutiny. However, we squarely rejected this argument in a recent decision. *United States v. Loney*, 331 F.3d 516, 524 (6th Cir. 2003). Defendant conceded at oral argument, based on *Loney*, that this Court has rejected Defendant's position, which he argued in his brief on appeal, with respect to his Commerce Clause challenge. Therefore, we will not address the Commerce Clause argument in this opinion.

2. Defendant's guilty plea was conditional inasmuch as he reserved his right to challenge, on appeal, the constitutionality of 18 U.S.C. § 922(g)(1). *See* footnote 1, *supra*.

lation, signed by Defendant and filed with the district court, provided as follows:

1. On May 3, 2001, Tadaryl Demarcus Hawkins was a felon, having been previously convicted of an offense carrying a term of imprisonment of more than one year.

2. On May 3, 2001, Tadaryl Demarcus Hawkins possessed a handgun, specifically a .40 caliber Glock pistol. Specifically, the defendant fired that pistol into a vehicle occupied by two women in the 2500 Block of Martin Luther King Boulevard in Knoxville, Tennessee. After the shooting, the defendant fled the area. A short time later, the defendant, having been identified as the shooter in the incident just described, was arrested by officers of the Knoxville Police Department at a Texaco Service Station on Asheville Highway in Knoxville. The aforementioned .40 caliber Glock pistol was recovered by investigators in a trash can in the restroom of the Texaco Service Station.

3. The aforesaid pistol was forwarded to ballistics experts at an ATF forensic laboratory. It was determined that four shell casings found at the scene of the shooting were fired from this pistol.

4. The firearm referred to above and in the indictment was manufactured outside of the state of Tennessee, therefore, having traveled across a state line to be found within the state of Tennessee. It was tested and found to operate as designed.

(J.A. at 100–01.)

At the Rule 11 hearing, the district court asked Defendant whether he understood the plea agreement, and Defendant answered that he did. This exchange is reproduced below:

THE COURT: Mr. Hawkins, do you have any problem reading the plea agreement that you entered into—I guess is there a stipulation of fact here?

MR. JENNINGS: Yes, sir.

THE COURT:—Factual basis?

MR. HAWKINS: No, sir.

THE COURT: You didn't have any problem reading it?

MR. HAWKINS: No, sir.

THE COURT: And you agree that you were carrying a .40 caliber Glock pistol just prior to the time that you were arrested; is that right?

MR. HAWKINS: Yes, sir.

THE COURT: Okay. You will file that stipulation of facts, Mr. Hawkins, make that part of the record, and we'll talk about the plea agreement here in just a minute.

(J.A. at 44–45.)

A sentencing hearing was held on February 8, 2002, at which time Defendant orally moved to withdraw his guilty plea. Defense counsel explained that Defendant had misunderstood some of the factual basis for his plea to which he previously agreed and which the probation department considered relevant conduct meriting a four level enhancement for sentencing purposes. Defendant also addressed the district court at the sentencing hearing, stating that he had not been "informed properly about [his] case," that he "really didn't want to plead guilty" but had been pressured into doing so, and that although he had signed the factual stipulation, he "didn't really read it." (J.A. at 59.) Defendant further insisted that he did not fire the gun, as indicated in the factual stipulation, adding, "I have a state charge for the [sic] firing a gun in the car. I haven't pleaded guilty to that, so why would I sign a stipulation of fact saying that I did it and still fight it in state court. It don't even make sense. I just feel like I

wasn't informed all the way on my case, you know." (J.A. at 59–60.)

The district court denied Defendant's motion. In so doing, it pointed out that Defendant had entered the guilty plea "five or six months" prior to the sentencing hearing and that Defendant had had ample time to withdraw the plea. The district court further noted that Defendant's criminal history was such that he was "no stranger to the Court system" and had "been before judges many many times" because he had "a record longer than [the district judge's] leg." (J.A. at 60.) The district court also reminded Defendant that at the plea hearing it had queried him about the factual stipulation, and that Defendant had stated that he had read and understood it and that the contents were correct.

The district court then proceeded to sentence Defendant to a term of 120 months imprisonment, and this timely appeal followed.

## II

We review for an abuse of discretion a district court's denial of a defendant's motion to withdraw a guilty plea. *United States v. Alexander*, 948 F.2d 1002, 1003 (6th Cir.1991). The district court's decision cannot be set aside unless we have "a definite and firm conviction that the court below committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors." *United States v. Frost*, 914 F.2d 756, 764 (6th Cir.1990) (quoting *McBee v. Bomar*, 296 F.2d 235, 237 (6th Cir.1961)).

## ` III

On appeal, Defendant contends that the district court abused its discretion in denying his motion to withdraw his guilty plea because (1) the court inappropriately relied on Defendant's state criminal history, and (2) at the plea hearing the court failed to ask Defendant about one critical part of the factual basis for the guilty plea. We are not persuaded by Defendant's arguments.

Federal Rule of Criminal Procedure 32 provides that "[i]f a motion to withdraw a plea of guilty or nolo contendere is made before sentence is imposed, the court may permit the plea to be withdrawn if the defendant shows any fair and just reason." FED. R.CRIM. P. 32(d). "The purpose of the rule 'is to allow a hastily entered plea made with unsure heart and confused mind to be undone.'" *United States v. Pluta*, 144 F.3d 968, 973 (6th Cir.1998) (quoting *Alexander*, 948 F.2d at 1004). "The rule, however, was not designed as a tactical tool allowing a defendant 'to enter a plea, wait several weeks, and then obtain a withdrawal if he believes that he made a bad choice in pleading guilty.'" *Id.* (quoting *Alexander*, 948 F.2d at 1004). Therefore, the defendant carries the burden of proving that vacating the plea would be justified. *Id.* In determining whether a defendant's asserted reasons for withdrawing his plea are "fair and just", we have formulated a list of seven factors to consider:

(1) the amount of time that elapsed between the plea and the motion to withdraw it; (2) the presence (or absence) of a valid reason for the failure to move for withdrawal earlier in the proceedings; (3) whether the defendant has asserted or maintained his innocence; (4) the circumstances underlying the entry of the guilty plea; (5) the defendant's nature and background; (6) the degree to which the defendant has had prior experience with the criminal justice system; and (7) potential prejudice to the government if the motion to withdraw is granted.

*Id.* (quoting *United States v. Bashara,* 27 F.3d 1174, 1181 (6th Cir.1994)).

As to the first and second factors (regarding time lapse and valid reason), Defendant had pled guilty to the charge on September 25, 2001, and did not seek to withdraw the guilty plea until the very day of his sentencing, February 8, 2002—almost a five-month time lapse. We have denied withdrawal under circumstances involving much shorter time lapses. *See, e.g., United States v. Baez,* 87 F.3d 805, 808 (6th Cir.1996) (sixty-seven day delay); *United States v. Goldberg,* 862 F.2d 101, 104 (6th Cir.1988) (fifty-five day delay); *United States v. Spencer,* 836 F.2d 236, 239 (6th Cir.1987) (thirty-five day delay). Moreover, Defendant provides no reason at all for his delay in requesting withdrawal.

Regarding the third factor, Defendant does not assert his innocence regarding the § 922(g)(1) charge; rather he insists that not all of the factual stipulations in the plea agreement are true. Specifically, he insists that while he did possess the gun, he did not fire it into the car containing the two women. Yet, the district court specifically asked Defendant (1) if he had read and understood the plea agreement and (2) if the factual stipulation was correct, and Defendant answered affirmatively to both questions. Defendant insists on appeal that the district court failed to specifically ask Defendant whether he had actually fired the gun into the car driven by the two women. However, Rule 11 does not obligate a district court to read aloud the entire factual stipulation, item for item, particularly when Defendant signed the stipulation and informed the court at the plea hearing that he had read it and understood its contents.

As to the fourth factor, we are persuaded that Defendant entered a knowing and voluntary guilty plea, and that the guilty plea hearing satisfied all the requirements of Rule 11. Therefore, the circumstances surrounding the guilty plea also weigh in favor of denying Defendant's motion to withdraw.

The fifth and sixth factors also favor denial. As the district court noted, Defendant's record evinces extensive experience with the criminal justice system. The presentence investigation report lists nineteen criminal convictions (thirteen adult convictions, six juvenile). Defendant insists that all of his priors were in the state system, and thus they do not count. We are not persuaded. Of the thirteen adult criminal convictions, Defendant pleaded guilty each time. He is not a stranger to that process, and he does not explain how the federal system of pleading guilty is significantly different from the state system such that his numerous state court convictions should be discounted. Indeed, we have not previously differentiated between state and federal criminal backgrounds. *See Bashara,* 27 F.3d at 1181, *superseded by statute on other grounds as stated in United States v. Caseslorente,* 220 F.3d 727, 734 (6th Cir.2001); *Spencer,* 836 F.2d at 239–40.[3]

## IV

We conclude that the district court did not abuse its discretion in denying Defendant's motion. Defendant bears the burden of asserting a sufficiently fair and just reason warranting withdrawal of his guilty

---

3. We need not address the seventh factor, given that none of the other six factors weigh in favor of Defendant's entitlement to plea withdrawal. *See United States v. Triplett,* 828 F.2d 1195, 1198 (6th Cir.1987) (holding that prejudice to the government need only be established if the defendant has articulated a fair and just reason for withdrawing a guilty plea).

plea, *Pluta,* 144 F.3d at 973, and he has not done so. Moreover, none of the factors considered in plea withdrawal requests weigh in his favor. Therefore, the judgment of the district court is **AFFIRMED.**