NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 09a0719n.06

No. 07-3617

**UNITED STATES COURT OF APPEALS**
FOR THE SIXTH CIRCUIT

**FILED**
**Nov 05, 2009**
LEONARD GREEN, Clerk

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

ANTHONY WILSON,

    Defendant - Appellant.

ON APPEAL FROM THE
UNITED STATES DISTRICT
COURT FOR THE NORTHERN
DISTRICT OF OHIO

_____/

Before: MARTIN, ROGERS, and COOK, Circuit Judges.

BOYCE F. MARTIN, JR., Circuit Judge. Anthony Wilson appeals the district court's decision to deny his oral motion to withdraw his guilty plea. The government argues that the district court did not abuse its discretion in not permitting Wilson to withdraw his guilty plea because he had appeared in court after the trial started and admitted committing the crimes to which he pled guilty. For the following reasons, we **AFFIRM** the judgment of the district court.

**I.**

On June 14, 2006, the grand jury returned a 49-count indictment against Wilson and his co-defendants for activities related to the possession and sale of crack cocaine within 1,000 feet of a public school. Wilson was charged with numerous drug-related offenses, including Count 1, conspiracy to possess with intent to distribute and to distribute more than 50 grams of crack in

violation of 21 U.S.C. § 846 and Count 6, possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c).

On March 5, 2007, trial of Wilson and several of his co-defendants commenced. On March 6, 2007, during *voir dire*, Wilson pled guilty to Counts 1 and 6 of the indictment. During the plea colloquy, the district court inquired into Wilson's knowledge of his constitutional rights. Later that day, the government filed an Information pursuant to 18 U.S.C. § 851 to establish Wilson's prior conviction. On April 23, 2007, the U.S. Probation Office prepared a pre-sentence investigation report noting that Wilson was a career offender. On May 2, 2007, during the course of the sentencing hearing, Wilson advised the district court that he wished to withdraw his plea of guilty, following his co-defendants' having been found not guilty of Count 1 of the indictment at trial. The district court denied Wilson's request and sentenced him to 240 months' incarceration, pursuant to the binding plea agreement. Wilson timely appealed.

## II.

We review the district court's denial of a defendant's motion to withdraw a guilty plea for abuse of discretion. *United States v. Ellis*, 470 F.3d 275, 280 (6th Cir. 2006). A district court abuses its discretion when it relies on erroneous findings of fact, applies the wrong legal standard, misapplies the correct legal standard when reaching a conclusion, or makes a clear error in judgment. *United States v. Thorpe*, 471 F3d 652, 660 (6th Cir. 2006).

A defendant does not have an absolute right to withdraw a guilty plea and bears the burden of proving that he is entitled to withdraw his guilty plea. *Ellis*, 470 F.3d at 280 (citations omitted). "When a defendant has entered a knowing and voluntary plea of guilty at a hearing at which he

acknowledged committing the crime, the occasion for setting aside a guilty plea should seldom arise." *Id.* (citation omitted). The withdrawal of a guilty plea is inherently in derogation of the public interest in finality and the orderly administration of justice. *Id.* (quotation and citations omitted).

A defendant may withdraw a guilty plea "after the court accepts the plea, but before it imposes sentence if . . . the defendant can show a fair and just reason for requesting the withdrawal." FED. R. CRIM. P. 11(d)(2)(B). This rule is designed "to allow a hastily entered plea made with unsure heart and confused mind to be undone, not to allow a defendant to make a tactical decision to enter a plea, wait several weeks, and then obtain a withdrawal if he believes he made a bad choice in pleading guilty." *Ellis*, 470 F.3d at 280-81 (citing *United States v. Alexander*, 948 F.2d 1002, 1004 (6th Cir. 1991)). Withdrawal of a plea is appropriate where there is a real confusion or misunderstanding of the terms of the agreement. *Id.* (citations omitted).

We consider a number of factors in applying the abuse-of discretion standard regarding whether Wilson met the burden of proving that the withdrawal of his guilty plea is for a fair and just reason, including: (1) the amount of time that elapsed between the plea and the motion to withdraw; (2) the presence (or absence) of a valid reason for the failure to move for withdrawal earlier in the proceedings; (3) whether the defendant has asserted or maintained his innocence; (4) the circumstances underlying the entry of the guilty plea; (5) the defendant's nature and background; (6) the degree to which the defendant has had prior experience with the criminal justice system; and (7) potential prejudice to the government if the motion to withdraw is granted. *Id.* (citations omitted).

"The factors listed are a general, non-exclusive list and no one factor is controlling." *Id.* (citations omitted).

### III.

Here, the district court did not abuse its discretion under *Ellis* and application of the factors supports affirming the district court's denial of the motion to withdraw the guilty plea. Wilson attempted to withdraw his guilty plea at the sentencing stage, two months after pleading guilty. Wilson asserts that his reason for withdrawing his guilty plea was that he was innocent and wants to proceed to trial. On appeal, Wilson concedes that his previous acceptance of responsibility and articulation of remorse and the court's acceptance of those statements undercut his statement of innocence. He nevertheless suggests, without authority, that his current statement of innocence is unambiguous and supercedes all previous statements. However, the government notes that Wilson stated that his reason for withdrawing the plea was based, in part, upon his co-defendants' acquittal on the conspiracy charge. The government argues that Wilson's desire to withdraw his guilty plea is the result of buyer's remorse, based on his belief that he made a poor strategic decision in pleading guilty. This is not a proper reason to permit withdrawal of a guilty plea. Additionally, Wilson is a career criminal with substantial knowledge of the consequences of a guilty plea. The government would also be prejudiced if Wilson were permitted to withdraw his guilty plea as he would have full knowledge of the government's case. The district court therefore did not abuse its discretion in denying Wilson's motion to withdraw his plea of guilty.

### IV.

For the foregoing reasons, we **AFFIRM** the judgment of the district court.