NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 18a0005n.06

No. 17-5302

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Jan 03, 2018
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE EASTERN DISTRICT OF |
| DANIEL J. TAYLOR, aka Danny J. Taylor, | ) | TENNESSEE |
| aka Billy J. Taylor, aka Germaine L. | ) | |
| Thompson, aka Joseph Taylor, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |

BEFORE: SUHRHEINRICH, GRIFFIN, and THAPAR, Circuit Judges.

PER CURIAM. Daniel J. Taylor appeals the district court's denial of his motion to withdraw his guilty plea. As set forth below, we affirm.

Pursuant to a written plea agreement under Federal Rule of Criminal Procedure 11(c)(1)(C), Taylor pleaded guilty to an indictment charging him with carjacking in violation of 18 U.S.C. § 2119. Over a month later, Taylor moved to withdraw his guilty plea, asserting that he was innocent and wished to proceed to trial. At the hearing on the motion, Taylor also requested appointment of new counsel based on his belief that defense counsel was providing ineffective assistance and not acting in his best interests. At the conclusion of the hearing, the district court considered the factors identified in *United States v. Bashara*, 27 F.3d 1174, 1181 (6th Cir. 1994), and denied Taylor's motion to withdraw his guilty plea. The district court subsequently appointed new counsel.

At sentencing, Taylor renewed his motion to withdraw his guilty plea, which the district court denied. After reviewing the sentencing factors under 18 U.S.C. § 3553(a), the district court accepted the parties' agreement and sentenced Taylor to 156 months of imprisonment followed by three years of supervised release.

In this timely appeal, Taylor challenges the district court's denial of his motion to withdraw his guilty plea. We review the district court's decision for abuse of discretion. *United States v. Giorgio*, 802 F.3d 845, 848 (6th Cir. 2015). After the district court accepts a guilty plea, the defendant may withdraw the plea if "the defendant can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). "The purpose of Rule 11(d) is to allow a 'hastily entered plea made with unsure heart and confused mind to be undone, not to allow a defendant to make a tactical decision to enter a plea, wait several weeks, and then obtain a withdrawal if he believes that he made a bad choice in pleading guilty.'" *United States v. Dixon*, 479 F.3d 431, 436 (6th Cir. 2007) (quoting *United States v. Alexander*, 948 F.2d 1002, 1004 (6th Cir. 1991)). In determining whether a defendant has shown a "fair and just reason," we consider the totality of the circumstances, including the following factors:

> (1) the amount of time that elapsed between the plea and the motion to withdraw it; (2) the presence (or absence) of a valid reason for the failure to move for withdrawal earlier in the proceedings; (3) whether the defendant has asserted or maintained his innocence; (4) the circumstances underlying the entry of the guilty plea; (5) the defendant's nature and background; (6) the degree to which the defendant has had prior experience with the criminal justice system; and (7) potential prejudice to the government if the motion to withdraw is granted.

*United States v. Catchings*, 708 F.3d 710, 717-18 (6th Cir. 2013) (quoting *Bashara*, 27 F.3d at 1181). The *Bashara* factors "are a general, non-exclusive list and no one factor is controlling." *United States v. Bazzi*, 94 F.3d 1025, 1027 (6th Cir. 1996) (per curiam).

Taylor filed his motion to withdraw on December 19, 2016—56 days after he signed the plea agreement and 46 days after he entered his guilty plea. This court has found that similar periods of delay support the denial of a motion to withdraw. *See Bashara*, 27 F.3d at 1181 (six-week delay); *United States v. Goldberg*, 862 F.2d 101, 104 (6th Cir. 1988) (55-day delay); *United States v. Spencer*, 836 F.2d 236, 239 (6th Cir. 1987) (five-week delay). Taylor contends that he told defense counsel that he wanted to withdraw his guilty plea on December 6, 2016, during their first meeting after the change-of-plea hearing, and that the length of time between his guilty plea and his stated desire to withdraw did not constitute significant delay. As the district court pointed out, the delay of over a month did "not reflect any sort of a mistake" on Taylor's part in deciding to plead guilty. Taylor provided no explanation for his delay other than limited phone access.

Taylor purportedly maintained his innocence with defense counsel. In the plea agreement and during the change-of-plea hearing, however, Taylor admitted that he committed the carjacking and affirmed that he was pleading guilty because he was in fact guilty.

The circumstances underlying Taylor's guilty plea support the denial of his motion to withdraw. Taylor's guilty plea was not "hastily entered." The district court granted Taylor four extensions of the plea deadline. During the nearly six months between Taylor's initial appearance and his guilty plea, the parties engaged in extensive negotiations resulting in the Rule 11(c)(1)(C) agreement. The transcript of the change-of-plea hearing reflects that the magistrate judge complied with Rule 11 and that Taylor's guilty plea was knowing, voluntary, and intelligent. *See Dixon*, 479 F.3d at 434. Although Taylor claimed that he did not understand "a lot of things" during the change-of-plea hearing, he failed to specify what he did not understand. (RE 54, Page ID ## 331-32). As the district court pointed out, given Taylor's experience with

the justice system, "[i]t's very hard to believe that [he] did not understand what [he was] doing when [he] pled guilty and when [he] entered the plea agreement." (RE 54, Page ID # 334). According to Taylor, the magistrate judge should not have conducted the change-of-plea hearing because the magistrate judge had previously represented him. Defense counsel discussed the prior representation issue with Taylor before the change-of-plea hearing, and Taylor waived any potential conflict of interest. After reviewing the transcript from the change-of-plea hearing, the district court found that the magistrate judge "handled everything very well" and that there was nothing else that the magistrate judge "could have possibly done that he didn't do." (RE 54, Page ID ## 329-30).

At the time of his guilty plea, Taylor was 50 years old and had obtained his GED. Taylor had "a great deal of prior experience with the justice system," as evidenced by his criminal history category of V. (RE 54, Page ID # 334). In addition to numerous state convictions, Taylor had a prior federal conviction and was serving a term of supervised release when he committed the carjacking.

Taylor argues that the district court either ignored or at least misapplied the *Bashara* factors, pointing to the government's concession that granting the motion to withdraw would result in minimal prejudice to the government. However, "prejudice to the government need not be established or considered unless and until the defendant has established a fair and just reason for vacating his plea." *Alexander*, 948 F.2d at 1004. Having found that Taylor had failed to meet his burden under Rule 11(d)(2)(B) to "show a fair and just reason for requesting the withdrawal," the district court was not required to address prejudice to the government.

Taylor further contends that the district court did not conduct a meaningful inquiry into his allegations of ineffective assistance of counsel. During the hearing on Taylor's motion to

withdraw, the district court asked Taylor to explain his basis for requesting new counsel. Taylor made two specific complaints: (1) defense counsel allowed him to waive any potential conflict of interest with the magistrate judge and (2) defense counsel had not obtained additional discovery that Taylor believed existed. The district court addressed these arguments. After reviewing the transcript from the change-of-plea hearing, the district court found that the magistrate judge "handled everything very well" and did not "see anything that would have been different, in the least, with any other magistrate judge that [Taylor] might have appeared before." (RE 54, Page ID # 330). With respect to discovery, defense counsel asserted that discovery had been provided to Taylor and that there was no reason to believe that there was additional discovery. Given that Taylor failed to specify what discovery materials were missing or how any missing discovery would have affected his decision to plead guilty, the district court stated that it did not have enough information to make a decision on this issue. At sentencing, new counsel renewed Taylor's motion to withdraw his guilty plea based on ineffective assistance of counsel and, when asked by the district court, failed to offer any additional information about prior counsel's alleged ineffectiveness.

Our consideration of the *Bashara* factors leads to the conclusion that the district court did not abuse its discretion in denying Taylor's motion to withdraw his guilty plea. Accordingly, we **AFFIRM** the district court's judgment.