NOT RECOMMENDED FOR PUBLICATION
File Name: 19a0600n.06

No. 19-1071

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

FILED
Dec 09, 2019
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE WESTERN |
| TRAVIS JEFFREY TUDOR, | ) | DISTRICT OF MICHIGAN |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

**BEFORE:**     **ROGERS, STRANCH, and THAPAR, Circuit Judges.**

**ROGERS, Circuit Judge.**  Defendant Travis Tudor pleaded guilty to one count of sexual exploitation of a child in violation of 18 U.S.C. § 2251(a) and (e), and was sentenced to 324 months' imprisonment.  Tudor attempted to withdraw his guilty plea several months after the court accepted it, but the district court denied Tudor's motion.  Tudor appeals the district court's decision.  However, Tudor waived his right to appeal the district court's denial of his motion to withdraw his guilty plea.  Tudor also argues that he received ineffective assistance of counsel, but we decline to review this contention on direct appeal.

Tudor pleaded guilty to one count of sexual exploitation of a child in violation of 18 U.S.C. § 2251(a) and (e).  In his plea agreement, Tudor acknowledged that he understood his rights and voluntarily agreed to plead guilty.  Tudor also agreed to waive his right to appeal, with enumerated exceptions to this waiver.  The agreement's appeal waiver provision stated:

Waiver of Other Rights.

a. Waiver. In exchange for the promises made by the government in entering this plea agreement, Defendant waives all rights to appeal or collaterally attack Defendant's conviction, sentence, or any other matter relating to this prosecution, except as listed below.

b. Exceptions. Defendant may appeal or seek collateral relief to raise a claim, if otherwise permitted by law in such a proceeding, on the following grounds:

i. Defendant's sentence on any count of conviction exceeded the statutory maximum for that count;

ii. Defendant's sentence was based on an unconstitutional factor, such as race, religion, national origin, or gender;

iii. the district court incorrectly determined the Sentencing Guidelines range, if Defendant objected at sentencing on that basis;

iv. Defendant's sentence is above the Sentencing Guidelines range as determined by the court at sentencing and is unreasonable;

v. the guilty plea was involuntary or unknowing;

vi. an attorney who represented Defendant during the course of this criminal case provided ineffective assistance of counsel.

If Defendant appeals or seeks collateral relief, Defendant may not present any issue in the proceeding other than those described in this subparagraph.

Tudor initialed every paragraph in his plea agreement, including the appeal waiver provision, indicating that he understood the agreement's terms.

At Tudor's appearance to change his plea to guilty on August 31, 2018, the magistrate judge thoroughly questioned Tudor to make sure that he understood his plea and was voluntarily agreeing to it. The magistrate judge carefully went through the appeal waiver provision with Tudor and Tudor acknowledged that he understood this part of the agreement. Ultimately, Tudor pleaded guilty and provided a factual basis to support his guilty plea in his sworn testimony given under oath. The district court adopted the magistrate judge's recommendation and adjudicated Tudor guilty on September 17, 2018.

Nearly three months later, on December 14, 2018, Tudor filed a motion to withdraw his guilty plea. The district court held a hearing on this motion on January 7, 2019. At this hearing,

Tudor claimed that he was innocent and only entered into the guilty plea so that he could buy time to hire investigators and potentially a different attorney. Tudor claimed that he was under the impression that he could later "undo" his guilty plea.

After hearing argument, the district court denied Tudor's motion. The court noted that Tudor initialed every paragraph in the plea agreement and signed a statement affirming that he understood the agreement and was voluntarily agreeing to it. The district court also praised the magistrate judge's thoroughness in going through the plea agreement with Tudor. Further, the district court recognized that Tudor had more than two weeks from the time he changed his plea to guilty before the magistrate judge to the day the district court accepted the plea, in which he could have withdrawn from the agreement for any reason, or no reason whatsoever, under Federal Rule of Criminal Procedure 11(d)(1), but did not withdraw from the agreement then. Although Rule 11(d)(2)(B) also allows defendants to withdraw guilty pleas after the court accepts the plea if "the defendant can show a fair and just reason for requesting the withdrawal," this provision is designed "to allow a hastily entered plea made with unsure heart and confused mind to be undone, not to allow a defendant to make a tactical decision to enter a plea, wait several weeks, and then obtain a withdrawal if he believes he made a bad choice in pleading guilty." *United States v. Ellis*, 470 F.3d 275, 280–81 (6th Cir. 2006) (quoting *United States v. Alexander*, 948 F.2d 1002, 1004 (6th Cir. 1991)). The district court assessed that Tudor's claims that he entered into the plea agreement to buy time and always intended to withdraw from it strongly suggested that Tudor was alleging that he entered into the plea agreement as a tactical decision. Finally, the district court went through the factors to determine whether a defendant has met the burden of establishing a fair and just reason for requesting withdrawal from a guilty plea.[1] The district court determined

---

[1] In considering whether a defendant has established a fair and just reason for withdrawing from a guilty plea, we have stated that it is important to consider:

that none of the factors favored withdrawal and therefore denied Tudor's motion to withdraw his guilty plea. Ultimately, the district court sentenced Tudor to 324 months' imprisonment.

First, Tudor waived his right to appeal the district court's denial of his motion to withdraw his guilty plea. "[A]n appeal of the denial of a motion to withdraw a guilty plea is an attack on the conviction subject to an appeal waiver provision." *United States v. Toth*, 668 F.3d 374, 378–79 (6th Cir. 2012). Tudor's plea agreement contained an appeal waiver provision in which he waived all rights to appeal or collaterally attack his conviction, sentence, or another matter relating to the prosecution, with several specific exceptions. The only exception to this appeal waiver that could possibly be applicable here is that Tudor may appeal based on a claim that his guilty plea was involuntary or unknowing. But Tudor makes no such argument. He argues only that the district court abused its discretion in denying his motion to withdraw his guilty plea based on its assessment of the factors that we have found to be important in considering whether a defendant has established a fair and just reason for withdrawing from a guilty plea. This argument is not premised on an assertion that his guilty plea was involuntary or unknowing. Further, Tudor has not presented any evidence that his guilty plea was involuntary or unknowing.

Because Tudor's claim that the district court abused its discretion in denying his motion to withdraw his guilty plea does not fall within any of the exceptions to the appeal waiver, this claim is barred, but only if Tudor's appeal waiver provision is enforceable in the first place. It is. Appeal waivers are enforceable if the defendant's waiver of his appellate rights was knowing and

---

(1) the amount of time that elapsed between the plea and the motion to withdraw it; (2) the presence (or absence) of a valid reason for the failure to move for withdrawal earlier in the proceedings; (3) whether the defendant has asserted or maintained his innocence; (4) the circumstances underlying the entry of the guilty plea; (5) the defendant's nature and background; (6) the degree to which the defendant has had prior experience with the criminal justice system; and (7) potential prejudice to the government if the motion to withdraw is granted.

*Ellis*, 470 F.3d at 281.

voluntary, *United States v. Fleming*, 239 F.3d 761, 764 (6th Cir. 2001), which Tudor's was in this case. Tudor acknowledged that he understood the terms of the plea agreement and voluntarily agreed to all its terms. Tudor even initialed the appeal waiver provision of his plea agreement, just as he did with the other terms of his plea agreement, to signify that he understood this provision. Finally, the magistrate judge carefully went through the terms of the agreement with Tudor at Tudor's change of plea hearing to ensure that he understood them. The record reflects the care taken by the magistrate judge to ensure that Tudor understood the ramifications of his plea and entered into it voluntarily and knowingly. Tudor accordingly knowingly and voluntarily agreed to the appeal waiver provision in his guilty plea. Thus, the appeal waiver provision is enforceable and his claim is barred.

Tudor also contends that he received ineffective assistance of counsel in deciding to plead guilty and because his counsel failed to timely file the motion to withdraw his guilty plea despite his requests to do so. Tudor asserts that but for his counsel's alleged ineffectiveness, there is a reasonable probability that he would not have entered a guilty plea.

Although the appeal waiver provision preserves Tudor's ability to raise an ineffective assistance of counsel claim, we ordinarily do not review ineffective assistance of counsel claims on direct appeal because the record is usually insufficient to permit adequate review. *United States v. Sypher*, 684 F.3d 622, 626 (6th Cir. 2012). Here, there has not been any testimony by Tudor or his former counsel. Although Tudor's trial counsel acknowledged that he was at least partly responsible for the timing of Tudor's motion to withdraw his guilty plea, the record does not indicate when Tudor informed his trial counsel that he wanted to withdraw his guilty plea. Further, the record does not contain the contents of Tudor's conversations with his trial counsel regarding the benefits and risks of withdrawing from the guilty plea. Accordingly, the record is insufficient

to permit an adequate review of Tudor's claim.  We therefore decline to address the issue of ineffective assistance of counsel on direct appeal.  Pursuit of that issue is more appropriately undertaken pursuant to 28 U.S.C. § 2255.

For these reasons, we affirm the judgment of the district court.