**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Gussan Abraham JARRAR,**
**Defendant–Appellant.**

**No. 03–1492.**

United States Court of Appeals,
Sixth Circuit.

May 27, 2004.

Kenneth R. Chadwell, Jr., U.S. Attorney's Office, Detroit, MI, for Plaintiff–Appellee.

Gussan Abraham Jarrar, White Deer, PA, pro se.

William J. Winters, III, Farmington, MI, for Defendant–Appellant.

Before RYAN, DAUGHTREY, and CLAY, Circuit Judges.

## ORDER

Gussan Abraham Jarrar, a federal prisoner, appeals his conviction and sentence for making false declarations before a grand jury in violation of 18 U.S.C. § 1623. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Before a federal grand jury, Jarrar testified that he and seven other Middle Eastern men were part of a terrorist group which had planned to blow up the Mackinac Bridge, the Federal Building in Detroit, an airport, and Cedar Point Amusement Park. When his testimony proved to be false, Jarrar was indicted, on June 5, 2002, on three counts of violating 18 U.S.C. § 1623. Counsel moved to dismiss Counts 2 and 3, arguing that Jarrar had recanted portions of his testimony in letters sent to the Federal Bureau of Investigation (FBI). The district court denied the motion because Jarrar had not recanted in the presence of the grand jury which had heard his testimony.

Following the completion of jury selection, Jarrar entered into an oral plea agreement with the government and pleaded guilty to Count 1 on December 4, 2002, in exchange for the dismissal of the other counts. He thereafter refused to sign a written plea agreement and sent letters to the district court on December 5, 2002, and March 18, 2003, seeking to withdraw his plea. At the sentencing hearing, the district court denied Jarrar's request to withdraw his plea, denied his objections to the presentence investigation report (PSR), and sua sponte departed upward four offense levels. Jarrar declined an opportunity to allocute, and the district court imposed the statutory maximum of 60 months in prison as well as 2 years of supervised release. As a special condition of supervised release, the district court ordered Jarrar to report to all jurisdictions where he had an outstanding warrant for his arrest.

Jarrar's court-appointed counsel has filed an appellate brief with this court and also a motion to withdraw pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), stating that he has reviewed the entire record and has found no meritorious issues. Nonetheless, counsel raised several issues which might arguably support an appeal: 1) whether the district court abused its discretion by refusing to allow Jarrar to withdraw his plea; 2) whether the district

court abused its discretion by denying Jarrar's motion to dismiss Counts 2 and 3; 3) whether the district court clearly erred by refusing to reduce the offense level under USSG § 3E1.1 for acceptance of responsibility; 4) whether the district court clearly erred by enhancing the offense level under USSG § 2J1.3(b)(2) for substantial interference with the administration of justice as well as under USSG § 3C1.1 for obstruction of justice; 5) whether the district court clearly erred by departing upward under USSG § 5K2.0; 6) whether Jarrar's guilty plea was valid; and 7) whether trial counsel rendered ineffective assistance.

Jarrar has filed a response, arguing that: 1) his offense level was erroneously tripled due to the three counts of indictment; 2) he was denied his right to a speedy trial; 3) the government fabricated information in the PSR concerning Jarrar's alleged criminal history, use of aliases, use of several social security numbers, and citizenship; 4) his guilty plea was involuntary because it resulted from intimidation by the government and was made under the advice of his attorney who knew he would have to lie; 5) the government breached the plea agreement by seeking an upward departure; 6) he was erroneously assessed criminal history points for traffic offenses which took place over twelve years ago and for non-existent crimes; 7) counsel rendered ineffective assistance at trial and sentencing; 8) he does not have ten outstanding warrants in Ohio; and 9) his sentence was erroneously enhanced under § 3C1.1 based on his attempts to withdraw his plea.

Upon review, we conclude that counsel's motion to withdraw should be granted as he has filed an acceptable *Anders* brief. For purposes of clarity, the issues will be grouped by phases of the criminal proceedings.

First, no appealable issues exist concerning the plea. The plea was voluntarily entered, and the district court complied with the requirements of Fed. R.Crim.P. 11. *See United States v. Goldberg,* 862 F.2d 101, 106 (6th Cir.1988). The court had the government explain the charge, and counsel confirmed that the explanation was adequate. The court next reviewed Jarrar's constitutional rights with him and had the government state the maximum penalties. The court then informed Jarrar that he would be required to pay a special assessment and that the court was obligated to apply the Sentencing Guidelines. *See* Fed.R.Crim.P. 11(b)(1). At the court's request, the government recited the elements of the offense and the terms of the plea agreement. The agreement specified that in exchange for Jarrar's guilty plea to Count 1, the government would dismiss Counts 2 and 3 at sentencing and would not seek an upward departure. Additionally, Jarrar waived the right to appeal any non-guideline issues, and the government was not barred from seeking enhancements at sentencing. Jarrar confirmed at the plea hearing that he had not been forced into pleading guilty and was pleading guilty because he was in fact guilty. *See* Fed. R.Crim.P. 11(b)(2). Jarrar acknowledged the factual basis for the offense, *see* Fed. R.Crim.P. 11(b)(3), and the court concluded by finding that Jarrar was competent and accepting his plea. There was no error in this regard.

Jarrar's claim that he was coerced into pleading guilty is undermined by his assertions at the plea hearing that his plea was voluntary. *See United States v. Todaro,* 982 F.2d 1025, 1030 (6th Cir.1993) ("[A] defendant who expressly represents in open court that his guilty plea is voluntary may not ordinarily repudiate his statements to the sentencing judge."). Furthermore, counsel and the government re-

futed Jarrar's accusations of coercion at the sentencing hearing and Jarrar declined to make any statement.

■ The validity of the guilty plea means that Jarrar has waived any antecedent non-jurisdictional defects in his conviction. *See Tollett v. Henderson,* 411 U.S. 258, 261–67, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973). Accordingly, we decline to review whether the district court erred by denying Jarrar's motion to dismiss Counts 2 and 3 and whether Jarrar's right to a speedy trial was violated.

■ The district court properly denied Jarrar's motions to withdraw the plea based on the circumstances underlying the plea as well as Jarrar's nature and background. *See United States v. Bashara,* 27 F.3d 1174, 1181 (6th Cir.1994) (applying predecessor to Rule 11(d)); *United States v. Alexander,* 948 F.2d 1002, 1004 (6th Cir.1991). The district court found that nothing in the record suggested that Jarrar lacked understanding when he pleaded guilty and that his motions to withdraw appeared "to be part of a consistent background of lying and evading the truth in an effort to help himself and avert the Government from its prosecutorial efforts."

The government did not breach its promise in the plea agreement to refrain from seeking an upward departure. *See Mabry v. Johnson,* 467 U.S. 504, 510–11, 104 S.Ct. 2543, 81 L.Ed.2d 437 (1984); *Ramos v. Rogers,* 170 F.3d 560, 563 (6th Cir.1999). At sentencing, the government repeated that it had agreed not to seek an upward departure and expressly declined to advance any argument in support of an upward departure. The upward departure was instead a sua sponte decision by the district court.

Second, no appealable issues exist concerning Jarrar's sentence.

Review of the PSR belies Jarrar's claim that the district court tripled the applicable base offense level. The PSR correctly listed Jarrar's base offense level as 12, pursuant to USSG § 2J1.3(a). The offense level was not increased because of the multiple counts in the indictment.

■ The district court properly applied a USSG § 2J1.3(b)(2) enhancement because Jarrar's false testimony had caused the unnecessary expenditure of substantial government resources. *See* USSG § 2J1.3(b)(2), comment. (n.1). The court found that "in connection with the defendant's false claims ..., elaborate bomb detection and disarming equipment was transported from Washington to Detroit, services of the National Violent Crimes Group were involved, the Michigan State Police bomb squad, surveillance teams, K9 detection units, forensic science labs, and the FBI surveillance teams from all over Michigan were alerted and positioned to aid, if necessary." Neither counsel, nor Jarrar has shown that the information before the district court was inaccurate. *See United States v. Westbrook,* 986 F.2d 180, 182 (7th Cir.1993).

■ The district court properly applied an enhancement under USSG § 3C1.1 for obstruction of justice based upon Jarrar's behavior following his indictment. *See* USSG §§ 3C1.1 and 2J1.3, comment. (n.2); *United States v. Dunham,* 295 F.3d 605, 609 (6th Cir.2002). The district court considered the threatening correspondence Jarrar had sent to the court, the Assistant United States Attorney, and the United States Attorney and reasonably concluded that Jarrar's letters were intended to impede his prosecution and thus obstruct justice. We note that the district court did not impose the enhancement because Jarrar had sought to withdraw his plea.

■ The district court properly departed upward as to Jarrar's offense level based on an aggravating factor not taken into consideration by the guidelines. *See* 18 U.S.C. § 3553(b). The court stated:

> [T]his defendant accused seven men, all U.S. citizens with jobs and families, of conspiring to commit terrorist acts … and the Court finds that he named these men because he believed apparently that their Middle Eastern heritage would make his claims more credible and find[s] this behavior evinces a depravity the sentencing guidelines could not have … contemplated and did not contemplate. …

■ The district court did not err by refusing to reduce Jarrar's offense level for acceptance of responsibility. *See* USSG § 3E1.1. A defendant who has received a § 3C1.1 enhancement for obstruction of justice should not receive a reduction for acceptance of responsibility, absent extraordinary circumstances. *See* USSG § 3E1.1, comment. (n.4). No extraordinary circumstances are present here, and Jarrar's attempts to withdraw his plea were likewise inconsistent with acceptance of responsibility. *See* USSG § 3E1.1, comment. (n.3).

Jarrar's claims challenging the accuracy of personal information and criminal history in the PSR lack merit. He has not shown that any of the information was incorrect, much less that the government had fabricated it. *See Westbrook,* 986 F.2d at 182. As a technical matter, we note that the PSR did not state that all of the outstanding warrants were in Ohio, but that some were also in Michigan, California, and Nevada.

The district court properly assessed criminal history points for Jarrar's California traffic convictions for driving under the influence and for reckless driving. Jarrar was properly assessed one point for each of these convictions as he was sentenced for these convictions less than ten years before he committed his instant offense by falsely testifying before the grand jury on August 16, 2001. *See* USSG § 4A1.1, comment. (n.3). Jarrar has failed to show that any of the other crimes attributed to him were non-existent.

■ Finally, we decline to review any claims of ineffective assistance of counsel. Claims of ineffective assistance are disfavored on direct appeal and are more appropriately brought by filing a 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence. *Massaro v. United States,* 538 U.S. 500, 123 S.Ct. 1690, 1694–95, 155 L.Ed.2d 714 (2003); *United States v. Carr,* 5 F.3d 986, 993 (6th Cir.1993).

Accordingly, we grant counsel's motion to withdraw and affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.